# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                        :
IN RE ENER1, INC.  SECURITIES LITIGATION    :    Master File No. 1:11-cv-05794 (PAC)
                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement (the "Stipulation"), dated as of January 11,

2013, is made and entered by and among (i) Junie L. Morris and Lisa G. Morris (collectively,

"Lead Plaintiffs"), on behalf of themselves and the Class (as hereinafter defined); and (ii)

Defendants Charles Gassenheimer, Jeffrey Seidel, Robert R. Kamischke, Kenneth Baker, Elliot

Fuhr, Nora Brownell and Thomas Snyder (collectively, "Defendants") by and through their

respective counsel pursuant to Rule 23 of the Federal Rules of Civil Procedure.  The settlement

and compromise of the captioned consolidated litigation (the "Action") as provided for herein

(the "Settlement") is contingent upon, *inter alia*, approval of this Stipulation by the United States

District Court for the Southern District of New York (the "District Court") and the occurrence of

the Effective Date (as defined below).  Subject to the terms expressly provided herein, this

Settlement is intended to fully, finally, and forever resolve, discharge, settle and release all

Released Claims (as defined herein).

**WHEREAS,**

A.     In August 2011, three securities class actions – *Beckman v. Ener1, Inc.*, *et al.*,

Case No. 1:11-CV-05794, *Neufeld v. Ener1, Inc.*, *et al.,* Case No. 1:11-CV-05795, and *Foster v.

Ener1, Inc.*, *et al.*, Case No. 1:11-CV-06030 – were commenced in the District Court against

Ener1, Inc. ("Ener1") and certain of its officers and directors (collectively, the "Securities

Actions").  The Securities Actions alleged violations of Sections 10(b) and 20(a) of the

Securities Exchange Act of 1934 (the "Exchange Act"), and Rule 10b-5 promulgated thereunder, arising from, *inter alia*, Ener1's public disclosures concerning Ener1's investment in Think Holdings, AS and Ener1's accounts and loans receivable from Think Global, AS and Ener1's announcement, in August 2011, that it intended to restate its financial results for fiscal year 2010 and the first quarter of 2011 in order to reflect certain impairments as of December 31, 2010.

B.      By order dated February 15, 2012, the Honorable Paul A. Crotty ordered that the Securities Actions be consolidated with and into the Action (the "Consolidation Order").  In the Consolidation Order, Judge Crotty appointed Junie L. Morris and Lisa G. Morris as Lead Plaintiffs and Federman & Sherwood as Lead Counsel.

C.      The Lead Plaintiffs filed a Consolidated Amended Class Action Complaint on April 9, 2012 (the "Consolidated Complaint") against Defendants, which superseded all prior complaints filed in the Action and alleged claims on behalf of all investors who purchased or otherwise acquired Ener1 common stock during the period from November 4, 2010 through August 15, 2011.  The Consolidated Complaint did not name Ener1 as a defendant because it had filed for "financial restructuring under Chapter 11 of the Bankruptcy Code."

D.      In light of Ener1's filing for bankruptcy, the Action with respect to Ener1 was stayed by operation of 11 U.S.C. § 362(a).  The Confirmation Order in the bankruptcy proceeding allowed Lead Plaintiffs to pursue claims against Defendants under Ener1's directors and officers ("D&O") insurance policies.  On February 28, 2012, the Plan of Reorganization in the bankruptcy proceeding was approved.  As a result, shareholders' equity in Ener1 was cancelled and extinguished.

E.      On June 15, 2012, Defendants moved to dismiss the Consolidated Complaint. Lead Plaintiffs filed their memorandum of law in opposition to the motion to dismiss on August

8, 2012, and Defendants filed their reply memorandum of law on August 24, 2012.  The motion to dismiss has been and remains *sub judice*.

F.      Lead Counsel and Defendants' Counsel subsequently engaged in substantial arm's-length negotiations in an effort to resolve the Action, which included a meeting at the New York offices of JAMS for mediation before mediator Jed Melnick, Esq. on November 20, 2012. Prior to the mediation, Lead Plaintiffs provided to Defendants their proposed Second Amended Consolidated Class Action Complaint ("Proposed Second Complaint"), which Lead Plaintiffs intended to seek leave to file and designate as the operative complaint.  The additional allegations in the Proposed Second Complaint are based on Lead Plaintiffs' continued investigation and information disclosed in Ener1's bankruptcy proceeding.  Defendants vigorously deny that the allegations in the Proposed Second Complaint state a claim and, if the Settlement is not approved, Defendants will oppose any motion by Plaintiffs to file an amended pleading.  Although the parties were not successful in reaching a resolution during the mediation, substantial progress was made.  Subsequent negotiations among the parties and through the mediator, during which settlement terms and conditions continued to be proposed and negotiated, were successful in reaching terms for the settlement contemplated herein.

G.      Lead Counsel has conducted an investigation relating to the claims and the underlying events and transactions alleged in the Consolidated Complaint, has analyzed the evidence adduced during this investigation, has consulted with damages experts, and has researched the applicable law with respect to the claims of Lead Plaintiffs and the Class against Defendants and the potential defenses thereto.

H.      Based upon its investigation and what it has learned through its prosecution of the Action, Lead Counsel has concluded that the terms and conditions of the Settlement are fair,

reasonable and adequate to Lead Plaintiffs and the other members of the Class, and in their best interests.  Based on Lead Plaintiffs' direct oversight of the prosecution of the Action and involvement in the mediation, along with the input of Lead Counsel, Lead Plaintiffs have agreed to settle the Action against the Defendants pursuant to the terms and provisions of this Stipulation, after considering: (i) the substantial benefits that Lead Plaintiffs and the other members of the Class will receive from the resolution of the Action against the Defendants; (ii) the attendant risks of litigation; and (iii) the desirability of permitting the Settlement to be consummated as provided by the terms of this Stipulation.

I.      Each of the Defendants has denied, and continues to deny, all allegations of wrongdoing, fault, liability or damage to Lead Plaintiffs and the Class; deny that they engaged in any wrongdoing; deny that they committed any violation of federal securities or any other law; deny that they have committed any act or omission giving rise to any liability and/or violation of law; and deny that they have acted improperly in any way.  Had this Stipulation not been reached, Defendants would have continued to resist vigorously Lead Plaintiffs' claims and contentions and would have continued to assert their defenses thereto, and this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants with respect to any claim or of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that the Defendants have asserted, or could have asserted, in the Action or otherwise.  The Parties recognize, however, that the Action has been filed and prosecuted by Lead Plaintiffs and defended by the Defendants in good faith under Rule 11 of the Federal Rules of Civil Procedure, and that the Action is being voluntarily settled with the advice of counsel.  The Parties recognize that the terms of the Settlement are fair, adequate and reasonable.  The Defendants are entering into this Settlement solely to avoid the

cost and distraction of further litigation.

**NOW, THEREFORE**, without any admission or concession on the part of Lead Plaintiffs of any lack of merit in the Action whatsoever, and without any admission or concession of any liability or wrongdoing or lack of merit of the defenses by Defendants, it is hereby **STIPULATED AND AGREED**, between Lead Plaintiffs and Defendants, by and through their respective attorneys, that this Action shall be settled, compromised and dismissed with prejudice, subject to the approval of the District Court, and that all Released Claims against the Released Parties and all Released Claims by Defendants as to Plaintiffs shall be unconditionally, fully, finally and forever compromised, settled, released and dismissed, with prejudice, upon and subject to the following terms and conditions:

<div align="center">

**DEFINITIONS**

</div>

1.      As used in this Stipulation, the following terms have the meanings specified below.  Other terms may be defined elsewhere in this Stipulation.

a.   "Authorized Claimant" means any Class Member whose claim for recovery has been allowed pursuant to the terms of the Stipulation.

b.   "Claim" means a completed and signed Proof of Claim Form submitted to the Claims Administrator in accordance with the instructions on the Proof of Claim form.

c.   "Claim Form" or "Proof of Claim Form" means the form, substantially in the form attached hereto as Exhibit "2" to Exhibit "A", that a Claimant or Class Member must complete and submit in order that the Claimant or Class Member may be eligible to share in a distribution of the Net Settlement Fund.

d.   "Claimant" means any Class Member who submits a Proof of Claim in such form and in the manner, and within such time, as the District Court shall prescribe.

e.   "Claims Administrator" means the claims administration firm selected by Lead Plaintiffs subject to approval of the District Court.

f.   "Class" means all Persons who purchased or otherwise acquired Ener1 common stock from November 4, 2010 through August 15, 2011, inclusive, and that claim to have suffered losses as a result of such purchase or acquisition.  Excluded from the Class are: (i) Defendants; (ii) members of the Immediate Family of each Defendant; (iii) Ener1; (iv) any firm, trust, corporation or other entity in which any Defendant has or had a controlling interest; and (v) those persons or entities who exclude themselves by filing a request for exclusion in accordance with the requirements set forth in the Notice.

g.   "Class Distribution Order" means an order entered by the District Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

h.   "Class Member" or "Member of the Class" means a Person that falls within the definition of "Class."

i.   "Class Period" means the period from November 4, 2010 through August 15, 2011, inclusive.

j.   "Contributing Insurer" means those insurers who contribute to the Settlement Amount.

k.   "Defendants' Counsel" means the law firm of Gibson, Dunn & Crutcher LLP.

l.   "Defendant Releasees" or "Released Parties" means each and all of Defendants and each and all of their Related Parties.

m.   "District Court" means the United States District Court for the Southern District of New York.

n.  "Effective Date" means the first business day on which, unless otherwise waived by the Parties, all of the events and conditions specified in ¶ 31 of this Stipulation have been met and have occurred.

o.  "Escrow Account" means the entity Lead Counsel retains to hold the Settlement Fund, which account, subject to the District Court's supervisory authority, shall be under the control of Lead Counsel.

p.  "Escrow Agent" means the designee Lead Counsel retains to manage the Settlement Fund, subject to the District Court's approval.

q.  "Escrow Agreement" means the agreement between Lead Counsel and the Escrow Agent setting forth the terms under which the Escrow Agent shall maintain the Escrow Account.

r.  "Final" means, with respect to the  Judgment: (i) the Judgment has been entered by the Court; (ii) if no appeal is filed, the expiration date of the time provided for filing or noticing of any appeal under the Federal Rules of Civil Procedure from the Judgment, *i.e.*, thirty (30) days after entry of  the Judgment; or (iii) if there is an appeal from the Judgment, the date of (a) final dismissal of all such appeals, or the final dismissal of any proceeding on certiorari or otherwise to review the Judgment, or (b) the date the Judgment is finally affirmed on appeal, the expiration of the time to file a petition for a writ of certiorari or other form of review, or the denial of a writ of certiorari or other form of review, and, if certiorari or other form of review is granted, the date of final affirmance of the Judgment following review pursuant to that grant; *provided, however*, that any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to (i) attorneys' fees, costs or expenses, or the Incentive Award, or (ii) the Plan of Allocation (or such other plan of allocation as the District Court may

approve), shall not in any way delay or preclude the Judgment from becoming Final.

s.   "Immediate Family" means an individual's spouse, parents, siblings, children, grandparents, grandchildren; the spouses of his or her parents, siblings and children; and the parents and siblings of his or her spouse, and includes step and adoptive relationships.

t.   "Incentive Award" means the $1,500.00 award proposed to be paid to Lead Plaintiffs Junie L. Morris and Lisa G. Morris, subject to Court approval, for their involvement in and oversight of the Action.

u.   "Judgment" means the judgment, substantially in the form attached hereto as Exhibit "B," approving the Settlement, to be entered by the District Court pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

v.   "Lead Counsel" means the law firm of Federman & Sherwood, which was appointed lead counsel for the Class.

w.   "Lead Plaintiffs" means Junie L. Morris and Lisa G. Morris

x.   "Litigation Expenses" means costs and expenses incurred in connection with commencing and prosecuting the Action (which may include the costs and expenses of Lead Plaintiffs directly related to their representation of the Class), for which Lead Counsel intends to apply to the District Court for reimbursement from the Settlement Fund.

y.   "Net Settlement Fund" means the Settlement Fund less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the District Court; (iv) any attorneys' fees awarded by the District Court; and (v) any Incentive Award awarded by the District Court.

z.   "Notice" means the Notice of (I) Pendency of Class Action and Proposed Settlements, (II) Settlement Hearing, and (III) Motion for Incentive Award, Attorneys' Fees, and

8

Reimbursement of Litigation Expenses, which is to be sent to members of the Class, substantially in the form attached hereto as Exhibit "1" to Exhibit "A".

aa.  "Notice and Administration Costs" means the costs, fees and expenses that are incurred by the Claims Administrator and/or Lead Counsel in connection with (i) providing notice to the Class; (ii) administering the Claims process; and (iii) the Escrow Account.

bb. "Parties" means Lead Plaintiffs, on behalf of themselves and the other Class Members, and Defendants.

cc.  "Person" means a natural person, individual, corporation, partnership, limited partnership, association, joint venture, joint stock company, estate, custodian, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any other business or legal entity and the heirs, executors, administrators, predecessors, successors, parents, subsidiaries, affiliates, representatives or assigns of any of them.

dd. "Plan of Allocation" means the proposed plan of allocation of the Net Settlement Fund set forth in the Notice.

ee.  "Plaintiff Releasees" shall mean Plaintiffs, Lead Counsel and all Class Members (including any spouse, child, representative, heir, administrator, beneficiary, alternate payee, executor, conservator, attorney and assign of any Class Member to the extent such person seeks to act on behalf of or as successor to that Class Member).

ff.  "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit "A", to be entered by the District Court preliminarily approving the Settlement and directing notice be provided to the Class.

gg. "Related Parties" means each of a Defendants' past, present or future assigns,

attorneys, advisors, representatives, members of his or her Immediate Family, heirs, executors,

estates, administrators, insurers (including, without limitation the Contributing Insurer), and any

firm, trust, corporation, or other entity in which any of the Defendants has or had a controlling

interest; provided, however, that Ener1 shall in no event be deemed a Related Party.

       hh. "Released Claims" means any and all claims (including "Unknown Claims" as

defined below), debts, demands, controversies, obligations, losses, rights, liabilities and/or

causes of action of any kind or nature whatsoever – including, but not limited to, any claims for

damages (whether compensatory, special, incidental, consequential, punitive, exemplary or

otherwise), injunctive relief, declaratory relief, rescission or rescissionary damages, interest,

attorneys' fees, expert or consulting fees, costs, expenses, or any other form of legal or equitable

relief whatsoever –whether based on federal, state, local, foreign, statutory or common law or

regulation, class or individual in nature, known or unknown, fixed or contingent, direct or

derivative, suspected or unsuspected, concealed or hidden, accrued or un-accrued, liquidated or

un-liquidated, at law or in equity, matured or un-matured, that either have been or could have

been asserted in this Action by or on behalf of the Lead Plaintiffs or any other Class Member

against any of the Released Parties, which (i) arise out of or are based upon or related in any way

to the allegations, transactions, facts, matters or occurrences, representations or omissions

involved, set forth, or referred to in the Action or the Consolidated Complaint, and/or (ii) arise

out of or are based upon or related in any way to Lead Plaintiffs' or any other Class Member's

purchase, acquisition or holding of Ener1 common stock during the Class Period insofar as it

relates in any way to any other matter covered in this definition of Released Claims (except for

claims to enforce the Settlement).

       ii. "Released Claims by Defendants as to Plaintiffs" means any and all claims, rights,

demands, liabilities or causes of action of every nature and description whatsoever (including, but not limited to, any claims for damages, interest, attorney's fees, expert or consulting fees, and any other costs, expenses or liabilities whatsoever), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether known claims or Unknown Claims, that have been or could have been asserted in the Action or in this or any other forum, by or on behalf of the Released Parties or any of them, or the successors and assigns of any of them, against Lead Plaintiffs or Lead Counsel which arise out of or relate in any way to the filing, prosecution, or settlement of the Action (except for claims to enforce the Settlement).

jj.  "Settlement Amount" means four million two hundred thousand US dollars (US $4,200,000.00), in cash.

kk. "Settlement Fund" means the Settlement Amount plus any and all interest earned thereon from the date the Settlement Amount is deposited into the Escrow Account

ll.  "Settlement Hearing" means the hearing set by the District Court under Rule 23(e)(1)(c) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

mm.      "Summary Notice" means the Summary Notice of (I) Pendency of Class Action and Proposed Settlements, (II) Settlement Fairness Hearing, and (III) Motion for Incentive Award, Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form attached hereto as Exhibit "3" to Exhibit "A", to be published as set forth in the Preliminary Approval Order.

nn. "Taxes" means: (i) all federal, state and/or local taxes of any kind on any income earned by the Settlement Fund after it is deposited into the Escrow Account; and (ii) the expenses and costs incurred by Lead Counsel in connection with determining the amount of, and paying, any federal, state and/or local taxes of any kind owed by the Settlement Fund (including,

without limitation, expenses of tax attorneys and accountants).

oo. "Unknown Claims" means any and all Released Claims which Lead Plaintiffs or other Class Members do not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties, and any Released Claims by Defendants as to Plaintiffs which any Released Party does not know or suspect to exist in his, her, or its favor at the time of the release of Lead Plaintiffs or Lead Counsel, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement.  With respect to any and all Released Claims and Released Claims by Defendants as to Plaintiffs, the Parties stipulate and agree that, upon the Effective Date, Lead Plaintiffs and each of the Defendants shall expressly waive, and each of the other Class Members and each of the other Released Parties shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Lead Plaintiffs shall expressly waive and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code §1542.  Lead Plaintiffs and each of the Defendants acknowledge, and each of the other Class Members and each of the other Released Parties shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for as a key element of the Settlement.

**RELEASE OF CLAIMS**

2.      The obligations incurred pursuant to this Stipulation shall be in full and final disposition of the Action and any and all Released Claims as against all Released Parties.  The Parties agree that the amount paid and the other terms of the Settlement were negotiated at arm's length and in good faith by the Parties, and reflect a settlement reached voluntarily after consultation with experienced legal counsel.

3.      Upon the Effective Date, Lead Plaintiffs and all of the other Class Members, on behalf of themselves, their respective heirs, executors, administrators, predecessors, successors, assigns and agents, shall be deemed by operation of law to have irrevocably, absolutely and unconditionally, fully, finally and forever released, waived, discharged and dismissed, with prejudice, each and every Released Claim against every Released Party, and shall forever be enjoined from prosecuting any or all Released Claims against any Released Party.

4.      Upon the Effective Date, each of the Defendants, and each of the other Released Parties, on behalf of themselves, their respective heirs, executors, administrators, predecessors, successors, assigns and agents, shall be deemed by operation of law to have irrevocably, absolutely and unconditionally, fully, finally, and forever released, waived, discharged and dismissed, with prejudice, each and every of the Released Claims by Defendants as to Plaintiffs against Lead Plaintiffs and Lead Counsel, and shall forever be enjoined from prosecuting any or all of the Released Claims by Defendants as to Plaintiffs against Lead Plaintiffs and Lead Counsel.

**THE SETTLEMENT CONSIDERATION**

5.      In consideration of the Settlement of the Released Claims, including without limitation claims asserted in the Action under the Exchange Act, the Contributing Insurer

(which, as represented by the Defendants, have consented to payment of the Settlement Amount pursuant to the terms of the Stipulation) shall pay, in full satisfaction of the monetary obligations under the terms of the Settlement, four million two hundred thousand US dollars (US $4,200,000.00), in cash, such amount to be deposited into the Escrow Account within thirty (30) calendar days after (a) the Preliminary Approval Order is entered by the District Court; and (b) receipt by Defendants' Counsel from Lead Counsel of full and complete wiring or other instructions necessary for such payment, an executed W-9 for the Settlement Fund, and payee name and address for delivery of payment by check.

### USE OF SETTLEMENT FUND

6.      The Settlement Fund shall be used to pay: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the District Court; (iv) any attorneys' fees awarded by the District Court; and (v) any Incentive Award awarded by the District Court. The balance remaining in the Settlement Fund, that is, the Net Settlement Fund, shall be distributed to Authorized Claimants as provided in ¶¶ 15-24 below.

7.      Except as expressly provided herein or pursuant to an Order of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date.  All funds held in the Escrow Account shall be deemed to be in the custody of the District Court and shall remain subject to the jurisdiction of the District Court until such time as such funds shall be distributed or returned pursuant to the terms of this Stipulation and/or further Order of the Court.  The Escrow Agent shall invest funds in the Escrow Account in instruments backed by the full faith and credit of the United States Government or an agency thereof (or a mutual fund invested solely in such instruments), or deposit some or all of the funds in interest-bearing transaction accounts up to the limit of Federal Deposit Insurance Corporation insurance.  The

Defendants and Defendants' Counsel shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions executed by the Escrow Agent. The Settlement Fund shall bear all risks related to the investments of the Settlement Amount in accordance with the guidelines set forth in this paragraph.

 8. The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that the Escrow Agent, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund. Such returns shall be consistent with this paragraph and, in all events, shall reflect that all taxes on the income earned on the Settlement Fund shall be paid out of the Settlement Fund as provided below. The Escrow Agent shall also be responsible for causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund. Upon written request, the Defendants will provide to Lead Counsel and the Escrow Agent the statement described in Treasury Regulation § 1.468B-3(e). The Escrow Agent, as administrator of the Settlement Fund within the meaning of Treasury Regulation §1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

 9. All Taxes shall be paid out of the Settlement Fund, and shall be timely paid by the Escrow Agent pursuant to the disbursement instructions to be set forth in the Escrow

Agreement, and without prior Order of the District Court.  Any tax returns prepared for the

Settlement Fund (as well as the election set forth therein) shall be consistent with the previous

paragraph and in all events shall reflect that all Taxes (including any interest or penalties) on the

income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided

herein.  The Settlement Fund shall indemnify and hold harmless the Released Parties for federal,

state and/or local taxes, penalties, interests or assessments incurred in connection with the

taxation of the Settlement Fund (including, without limitation, taxes paid by reason of any such

indemnification).

      10.     This is not a claims-made settlement.  Upon the occurrence of the Effective Date,

neither the Contributing Insurer nor any other person or entity who or which paid any portion of

the Settlement Amount, shall have any right to the return of the Settlement Fund or any portion

thereof irrespective of the number of Claims filed, the collective amount of losses of Authorized

Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized

Claimants from the Net Settlement Fund.  If any funds remain from the Settlement Amount,

after the above payments, the Court shall, upon motion of Lead Counsel, pay such remaining

funds to one or more non-profit or charitable organization.

      11.     The Claims Administrator shall discharge its duties under Lead Counsel's

supervision and subject to the jurisdiction of the District Court.  Regardless of whether the

Effective Date occurs, the Released Parties shall have no responsibility whatsoever for the

administration of the Settlement, and shall have no liability whatsoever to any person or entity,

including, but not limited to, Lead Plaintiffs, Lead Counsel or any other Class Members or their

respective attorneys, in connection with any such administration.  The Parties shall use their

reasonable efforts to obtain from the transfer agent records regarding purchases of Ener1

common stock.  Lead Counsel shall cause the Claims Administrator to mail the Notice and Proof of Claim to the members of the Class at the address of each such person as set forth in the records of the transfer agent (to the extent that it is able to obtain such records) or who otherwise may be identified through further reasonable effort. Lead Counsel also shall cause the Claims Administrator to publish the Summary Notice pursuant to the terms of the Preliminary Approval Order or whatever other form or manner might be ordered by the District Court.

12.     Lead Counsel may pay from the Settlement Fund, without further approval from Defendants or further Order of the District Court, all reasonable Notice and Administration Costs actually incurred.  Such costs and expenses shall include, without limitation, the actual costs of publication, printing and mailing the Notice, reimbursements to nominee owners for forwarding the Notice to their beneficial owners, the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing Notice and processing the submitted claims, and the fees, if any, of the Escrow Agent.  In the event that the Settlement is terminated pursuant to the terms of this Stipulation, all Notice and Administration Costs paid or incurred, including any related fees, shall not be returned or repaid to the Contributing Insurer, or to any other person or entity who or which paid any portion of the Settlement Amount.

## ATTORNEYS' FEES AND EXPENSES

13.     Lead Counsel will apply to the District Court for an Incentive Award for Lead Plaintiffs to be paid from the Settlement Fund and an award of attorneys' fees to Lead Counsel, which shall be a percentage of the Settlement Fund to be paid from the Settlement Fund.  Lead Counsel also will apply to the District Court for reimbursement of Litigation Expenses to be paid from the Settlement Fund.  No Defendant, Contributing Insurer nor any other Released Party, shall take any position with respect to Lead Counsel's application for an Incentive Award

17

for Lead Plaintiffs, and an award of attorneys' fees and/or Litigation Expenses. Such matters are not the subject of any agreement between Defendants and Lead Plaintiffs other than what is set forth in this Stipulation, and this Stipulation shall otherwise be enforceable according to its terms without regard to any modification, denial, appeal or other adverse ruling with respect to Lead Counsel's application for an award of attorneys' fees, costs or Litigation Expenses.

14.     Any attorneys' fees and Litigation Expenses that are awarded by the District Court shall be paid to Lead Counsel from the Settlement Fund immediately upon award, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Lead Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund, plus accrued interest at the same net rate as is earned by the Settlement Fund, if the Settlement is terminated pursuant to the terms of this Stipulation or if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees and/or Litigation Expenses is reduced or reversed. Lead Counsel shall make the appropriate refund or repayment in full no later than thirty (30) days after receiving from the Defendants' Counsel or from a court of appropriate jurisdiction notice of the termination of the Settlement or notice of any reduction of the award of attorneys' fees and/or Litigation Expenses. An award of attorneys' fees and/or Litigation Expenses is not a necessary term of this Stipulation or this Settlement and is not a condition of this Stipulation or this Settlement. Lead Plaintiffs and Lead Counsel may not cancel or terminate the Stipulation or the Settlement based on the District Court's or any appellate court's ruling with respect to attorneys' fees and/or Litigation Expenses. Apart from the Defendants' obligation to cause the Contributing Insurer to pay the Settlement Amount to the Escrow Account as set forth in ¶ 5 above, the Released Parties shall have no liability or

18

obligation whatsoever to any person or entity, including, but not limited to, Lead Plaintiffs,

Lead Counsel, or any other Class Members or their respective counsel, with respect to any

attorneys' fees, costs or expenses, or Litigation Expenses, regardless of the amount of any

attorneys' fees, costs or expenses or Litigation Expenses approved by the District Court, and

regardless of any termination of this Stipulation or the Settlement contained herein.

## CLAIMS ADMINISTRATION

15.     The Claims Administrator shall administer the process of receiving, reviewing

and approving or denying Claims under Lead Counsel's supervision and subject to the

jurisdiction of the District Court.  Except as provided in ¶ 11 herein, neither the Defendants,

their respective counsel nor the Released Parties shall have any responsibility whatsoever for the

administration of the Settlement or the claims process and shall have no liability whatsoever to

any person, including, but not limited to, Lead Plaintiffs, Lead Counsel, or any other Class

Members or their respective attorneys in connection with such administration. The Defendants'

Counsel shall cooperate in the administration of the Settlement to the extent reasonably

necessary to effectuate its terms.

16.     The Claims Administrator shall receive Claims and determine first, whether the

Claim is a valid Claim, in whole or part, and second, each Authorized Claimant's *pro rata* share

of the Net Settlement Fund based upon each Authorized Claimant's Recognized Loss compared

to the total Recognized Losses (as defined in the Plan of Allocation set forth in the Notice, or in

such other plan of allocation as the District Court approves) of all Authorized Claimants.

17.     The Plan of Allocation proposed in the Notice is not a necessary term of this

Stipulation and it is not a condition of this Stipulation that any particular plan of allocation be

approved by the District Court. Lead Plaintiffs and Lead Counsel may not cancel or terminate

the Stipulation or the Settlement based on the District Court's or any appellate court's ruling with respect to the Plan of Allocation, any modification made to the Plan of Allocation, or any other plan of allocation as may be ordered by the District Court in this Action. No Defendant, nor any other Released Party, shall have any involvement in or responsibility or liability whatsoever for the Plan of Allocation or the allocation of the Net Settlement Fund.

18.     Any Class Member who does not submit a valid Claim Form will not be entitled to receive any distribution from the Net Settlement Fund but will otherwise be bound by all of the terms of this Stipulation and the Settlement, including, without limitation, the terms of the Judgment and the releases provided for therein or herein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against any Released Party concerning any Released Claims.

19.     Lead Counsel shall be responsible for supervising the administration of the Settlement and disbursement of the Net Settlement Fund.  No Defendant, nor any other Released Party, shall have any liability, obligation or responsibility whatsoever for the administration of the Settlement or disbursement of the Net Settlement Fund.  No Defendant, nor any other Released Party, shall be permitted to review, contest or object to any Claim Form or any decision of the Claims Administrator or Lead Counsel with respect to accepting or rejecting any Claim Form or Claim for payment by a Class Member. Lead Counsel shall have the right, but not the obligation, to waive what it deems to be formal or technical defects in any Claim Forms submitted in the interests of achieving substantial justice.

20.     For purposes of determining the extent, if any, to which a Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

     a.   Each Class Member shall be required to submit a Claim Form, supported by such

documents as are designated therein, including proof of the Claimant's loss, or such other documents or proof as the Claims Administrator or Lead Counsel, in their discretion, may deem acceptable;

b.   All Claim Forms must be submitted by the date set by the District Court in the Preliminary Approval Order and specified in the Notice, unless such deadline is extended by Order of the District Court.  Any Class Member who fails to submit a Claim Form by such date shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless, by Order of the District Court, late-filed Claim Forms are accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including, without limitation, the terms of the Judgment and the releases provided for therein and herein, and will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind against any Released Party concerning the Released Claims. Provided that it is received before the motion for the Class Distribution Order is filed, a Claim Form shall be deemed to be submitted when posted, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon. In all other cases, the Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator;

c.   Each Claim Form shall be submitted to and reviewed by the Claims Administrator, under the supervision of Lead Counsel, who shall determine in accordance with this Stipulation the extent, if any, to which each Claim shall be allowed, subject to review by the District Court pursuant to subparagraph (e) below;

d.   Claims that do not meet the submission requirements may be rejected.  Prior to rejecting a Claim in whole or in part, the Claims Administrator shall communicate with the

Claimant in writing, to give the Claimant the chance to remedy any curable deficiencies in the Claim Form submitted.  The Claims Administrator, under supervision of Lead Counsel, shall notify, in a timely fashion and in writing, all Claimants whose Claim the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review by the District Court if the Claimant so desires and complies with the requirements of subparagraph (e) below;

      e.   If any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of the notice required in subparagraph (d) above, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the District Court. If a dispute concerning a Claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the District Court; and

      f.   The administrative determinations of the Claims Administrator accepting and rejecting Claims shall be presented to the District Court, on notice to Defendants' Counsel, for approval by the District Court in the Class Distribution Order.

     21.   Each Claimant shall be deemed to have submitted to the jurisdiction of the District Court with respect to the Claimant's Claim, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure; provided, however, that such investigation and discovery shall be limited to that Claimant's status as a Class Member and the validity and amount of the Claimant's Claim. No discovery shall be allowed on the merits of the Action or this Settlement in connection with the processing of Claim Forms.

     22.   Lead Counsel will apply to the District Court, on notice to Defendants, for a Class

Distribution Order: (i) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted; (ii) approving payment of any administration fees and expenses associated with the administration of the Settlement from the Settlement Fund; and (iii) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants from the Escrow Account.

23.    Payment pursuant to the Class Distribution Order shall be final and conclusive against all Class Members. All Class Members whose Claims are not approved by the District Court shall be barred from participating in distributions from the Net Settlement Fund. Whether or not a Class Member submits a Claim, or any Claim is not allowed either in whole or in part, all Class Members shall be bound by all of the terms of this Stipulation and the Settlement, including, without limitation, the terms of the Judgment and the releases provided for therein and herein, and will be permanently barred and enjoined from bringing any action, claim or other proceeding against any and all Released Parties concerning any Released Claims.

24.    All proceedings with respect to the administration, processing and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the District Court.

### CERTIFICATION OF THE CLASS, PRELIMINARY APPROVAL ORDER AND SETTLEMENT HEARING

25.    The Parties stipulate to: (i) the certification, for settlement purposes only, of a Class (as defined above), pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure; (ii) the appointment of Lead Plaintiffs as the class representatives; and (iii) the appointment of Lead Counsel as class counsel.

26.    As soon as practical after execution of this Stipulation, the Lead Plaintiffs and

Lead Counsel shall submit the Stipulation together with its exhibits to the Court and shall apply to the District Court for entry of the Preliminary Approval Order, substantially in the form of Exhibit A hereto, granting the preliminary approval of the Settlement and approving the mailing of the Notice and Proof of Claim and the publication of the Summary Notice, substantially in the form of Exhibits A-1 through A-3 hereto. The Notice shall include the general terms of Settlement, the proposed Plan of Allocation, the Litigation Expenses for which Lead Counsel intends to apply to the District Court for reimbursement from the Settlement Fund, the percentage of the Settlement Fund for which Lead Counsel intends to apply to the District Court for an award of attorneys' fees, the Incentive Award to be paid from the Settlement Fund for which Lead Counsel intends to apply to the District Court, and the date of the Settlement Hearing.

27.     Lead Counsel shall request that after notice is given, the Court hold a hearing (the "Settlement Hearing") and approve the settlement of the Action as set forth herein. To permit compliance with the settlement notice requirements of the Class Action Fairness Act, 28 U.S.C. § 1715, the Settlement Hearing shall take place no earlier than 100 calendar days after the filing of this Stipulation. At or after the Settlement Hearing, Lead Counsel also will request that the Court approve the proposed Plan of Allocation and the application for an award of attorneys' fees and/or Litigation Expenses and an application for an Incentive Award to Lead Plaintiffs.

### TERMS OF THE JUDGMENT

28.     If the Settlement contemplated by this Stipulation is approved by the District Court and becomes Final, Lead Counsel and Defendants' Counsel shall request that the District Court enter the Judgment, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

29.     The Judgment shall contain a provision, substantially in the form set forth in

Exhibit "B" hereto (the "Bar Order"), barring claims for contribution by or against the Defendants, to the fullest extent permitted by 15 U.S.C. §78u-4(f)(7) and any other applicable law or regulation.  Nothing herein is intended to broaden the language of the Private Securities Litigation Reform Act of 1995.

30.      The Judgment shall also contain a provision, substantially in the form set forth in Exhibit "B" hereto, requiring that any final verdict or judgment that may be obtained by or on behalf of the Class or a Class Member against any person or entity subject to the Bar Order as defined herein be reduced by the greater of: (i) an amount that corresponds to the percentage of responsibility of the Defendants for common damages; or (ii) the amount paid pursuant to this Settlement to the Class or Class Member for common damages.

## CONDITIONS OF SETTLEMENT AND EFFECT OF TERMINATION

31.      The Effective Date of this Stipulation shall be conditioned on the occurrence or waiver of all of the following events:

a.   the District Court has entered the Preliminary Approval Order;

b.   the Defendants have caused the Contributing Insurer to deposit the Settlement Amount in the Escrow Account in accordance with the provisions of ¶ 5 hereof;

c.   the Defendants have not exercised their option to terminate the Settlement pursuant to ¶ 33 hereof; and

d.   the District Court has entered the Judgment substantially in the form of Exhibit B hereto, and the Judgment has become Final.

32.      The Defendants and Lead Plaintiffs shall both have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so (the "Termination Notice") to the other parties to this Stipulation within thirty (30) days of: (a) the

District Court's declining to enter the Preliminary Approval Order in any material respect; (b) the District Court's refusal to approve this Stipulation and Settlement or any material part of it; (c) the District Court's declining to enter the Judgment in any material respect; or (d) the date upon which the Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court.  However, any decision with respect to an application for attorneys' fees or Litigation Expenses, or with respect to any plan of allocation, shall not be considered material to the Settlement, shall not affect the finality of the Judgment, and shall not be grounds for termination by any of the Defendants or Lead Plaintiffs.

33.     In addition to the grounds set forth in ¶ 32, the Defendants (provided they collectively agree) shall have the right to terminate the Settlement and this Stipulation in the event that Class Members requesting exclusion from the Class meet the conditions set forth in a confidential supplemental agreement with Lead Plaintiffs that is being executed concurrently with this Stipulation (the "Supplemental Agreement").  The Supplemental Agreement shall not be filed with the District Court and its terms shall not be disclosed in any other manner (other than the statements herein and in the Notice) unless and until the District Court requires the Settling Parties to file the Supplemental Agreement or disclose its terms or a dispute arises between Lead Plaintiffs and the Defendants concerning its interpretation or application.  If submission of the Supplemental Agreement is required for resolution of a dispute or is otherwise ordered by the District Court, Lead Plaintiffs and the Defendants will undertake to have the Supplemental Agreement submitted to the District Court *in camera*.

34.     Except as otherwise provided herein, in the event that the Settlement is terminated or the Effective Date otherwise fails to occur: (a) the Settlement and this Stipulation, other than ¶ 35, shall be null and void, and without prejudice; (b) none of the terms of the Settlement or

this Stipulation, including, without limitation, the releases granted herein, shall be effective or enforceable; (c) the facts of the Settlement shall not be admissible in any trial of the Action or otherwise; (d) the Defendants and Lead Plaintiffs shall be deemed to have reverted to their respective status in the Action immediately prior to the signing of the Stipulation and, except as otherwise expressly provided herein, the Defendants and Lead Plaintiffs shall proceed in all respects as if this Stipulation and any related orders had not been entered; and (e) any portion of the Settlement Amount previously paid by the Contributing Insurer, together with any interest earned thereon, less any Taxes paid or due with respect to such income, and less reasonable Notice and Administration Costs actually incurred and paid or payable, shall be returned to the Contributing Insurer within fourteen (14) business days after joint written notification of such event by the Defendants' Counsel and Lead Counsel to the Escrow Agent, and in accordance with written instructions to be provided by the Defendants' Counsel to Lead Counsel.

## NO ADMISSION OF WRONGDOING

35.    This Stipulation and Settlement, whether or not consummated, and any actions taken pursuant to it:

a.    shall not be offered or received against any of the Released Parties as evidence of, or construed as, or deemed to be evidence of, any presumption, concession, or admission by any of the Released Parties with respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that was or could have been asserted against any of the Released Parties in the Action, any other litigation, or the deficiency of any defense that has been or could have been asserted in the Action or any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Parties;

b.    shall not be offered or received against any of the Released Parties as evidence of

27

a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any of the Released Parties;

c.   shall not be offered or received against the Lead Plaintiffs or any other Class Members as evidence of any infirmity in the claims of Lead Plaintiffs or the other Class Members;

d.   shall not be offered or received against any of the Released Parties, the Lead Plaintiffs or any other Class Members, as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Released Parties, the Lead Plaintiffs or any other Class Members, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that, if this Stipulation is approved by the District Court in the Judgment, the Defendants, any other Released Party, Lead Plaintiffs and the other Class Members may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement;

e.   shall not be construed against any of the Released Parties, Lead Plaintiffs or any other Class Members as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and

f.   shall not be construed against Lead Plaintiffs or any other Class Members as an admission, concession, or presumption that any of their claims are without merit or that damages recoverable under the Consolidated Complaint would not have exceeded the Settlement Amount.

28

## MISCELLANEOUS PROVISIONS

36.     All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.

37.     If a case is commenced in respect of the Contributing Insurer, or any other person or entity contributing funds to the Settlement Fund under the Bankruptcy Code, or a trustee, receiver, conservator, or other fiduciary is appointed under any similar law, and in the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof paid for the benefit of the Class to be a preference, voidable transfer, fraudulent transfer or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited to the Settlement Fund by others, then, at the election of Lead Plaintiffs, the Parties shall jointly move the District Court to vacate and set aside the releases given and the Judgment entered in favor of the Defendants and the other Released Parties pursuant to this Stipulation, which releases and Judgment shall be null and void as to the Defendants and the other Released Parties, and the Defendants and Lead Plaintiffs shall be restored to their respective positions in the Action as provided in ¶ 34 and any cash amounts in the Settlement Fund shall be returned as provided in the same paragraph.

38.     Lead Plaintiffs and the Defendants intend this Settlement to be a final and complete resolution of all Released Claims.  Accordingly, Lead Plaintiffs and each of the Defendants agree not to assert that the Action was brought by Plaintiffs or defended by Defendants in bad faith or without a reasonable basis. Neither Plaintiff Releasees nor Defendant Releasees shall assert any claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the prosecution, defense, or settlement of the Action.  Lead Plaintiffs and the Defendants agree that the amount paid and the other terms of the Settlement were negotiated

at arm's-length in good faith by the parties, including at a formal mediation session, and reflect a Settlement that was reached voluntarily after consultation with experienced legal counsel.

39.     This Stipulation may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by counsel for Lead Plaintiffs and the Defendants or their successors-in-interest.

40.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

41.     The administration and consummation of this Settlement as embodied in this Stipulation shall be under the authority of the District Court, and the District Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses to Lead Counsel and enforcing the terms of this Stipulation.

42.     The waiver by one party of any breach of this Stipulation by any other party shall not be deemed a waiver by any party of any other prior or subsequent breach of this Stipulation.

43.     This Stipulation, its exhibits and the Supplemental Agreement constitute the entire agreement among Lead Plaintiffs and the Defendants concerning the Settlement, and no representations, warranties, or inducements have been made by Lead Plaintiffs or any Defendant concerning this Stipulation and its exhibits other than those contained and memorialized in such documents or in the Supplemental Agreement.

44.     This Stipulation may be executed in one or more original and/or faxed counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.

45.     This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of Lead Plaintiffs and the Defendants.

46.     The construction, interpretation, operation, effect and validity of this Stipulation, and all documents necessary to effectuate it, shall be governed by the internal laws of the State of New York without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

47.     This Stipulation shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the parties, it being recognized that it is the result of arm's-length negotiations among the parties and all parties have contributed substantially and materially to the preparation of this Stipulation.

48.     All counsel and any other person executing this Stipulation and any of the exhibits hereto, or the Supplemental Agreement, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

49.     The Parties (a) acknowledge that it is their intent to consummate this Settlement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of the Stipulation.

50.     If any party is required to give notice to another party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery or facsimile transmission with confirmation of receipt. Notice shall be provided as follows:

To Lead Plaintiffs:     William B. Federman
                        **FEDERMAN & SHERWOOD**
                        10205 N. Pennsylvania Avenue
                        Oklahoma City, Oklahoma 73120

Tel: (405) 235-1560
Facsimile: (405) 239-2112

To Any Defendant:     Jonathan C. Dickey
                      **GIBSON, DUNN & CRUTCHER LLP**
                      200 Park Avenue
                      New York, NY 10166
                      Tel: (212) 351-4000
                      Facsimile: (212) 351-4035

IN WITNESS WHEREOF, the Parties hereto, intending to be legally bound hereby, have

caused this Stipulation to be executed, by their duly authorized attorneys, as of the day and year

first above written.

**FEDERMAN & SHERWOOD**

By:
             William B. Federman
             Stuart W. Emmons
             10205 N. Pennsylvania Avenue
             Oklahoma City, Oklahoma 73120
             Tel: (405) 235-1560
             Facsimile: (405) 239-2112

*Lead Counsel for Lead Plaintiffs and the Class*

**GIBSON, DUNN & CRUTCHER LLP**

By:
             Jonathan C. Dickey
             Aric H. Wu
             200 Park Avenue
             New York, NY 10166
             Tel: (212) 351-4000
             Facsimile: (212) 351-4035

*Counsel for Defendants*

32

# EXHIBIT A

UNITED STATES DISTRICT COURT                                    **EXHIBIT A**
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
In re:                                              :
                                                    :
ENER1, INC. SECURITIES LITIGATION                   :    No. 1:11-CV-05794 (PAC)
                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

<div align="center">

**[PROPOSED] ORDER PRELIMINARILY APPROVING**
**PROPOSED SETTLEMENT, CERTIFYING CLASS, PROVIDING**
**<u>FOR NOTICE AND SCHEDULING SETTLEMENT HEARING</u>**

</div>

WHEREAS, a consolidated class action is pending in this Court entitled *In re Ener1, Inc.*
*Securities Litigation,* No. 1:11-CV-05794 (PAC) (the "Action");

WHEREAS, (i) Lead Plaintiffs Junie L. Morris and Lisa G. Morris ("Lead Plaintiffs"), on
behalf of themselves and the Class; and (ii) Defendants Charles Gassenheimer, Jeffrey Seidel,
Robert R. Kamischke, Kenneth Baker, Elliot Fuhr, Nora Brownell and Thomas Snyder
(collectively, "Defendants") have entered into the Stipulation and Agreement of Settlement dated
January 11, 2013 (the "Stipulation") providing for the settlement and release of all Released
Claims against the Released Parties on the terms and conditions set forth in the Stipulation,
subject to approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined herein, all other capitalized words contained herein
shall have the same meanings as set forth in the Stipulation;

WHEREAS, Lead Plaintiffs have made an application, pursuant to Rule 23 of the Federal
Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with
the Stipulation and approving notice of the proposed Settlement to Class Members as more fully
described herein; and

WHEREAS, the Court having read and considered the Stipulation and the respective
exhibits thereto, including the proposed (a) Notice; (b) Claim Form; (c) Summary Notice; and

(d) Judgment and the submissions relating thereto, and finding that substantial and sufficient grounds exist for entering this Order.

NOW THEREFORE, IT IS HEREBY ORDERED:

1.      **Class Certification** – The Court hereby certifies, for settlement purposes only, pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, a Class defined as follows:

> All Persons (other than those Persons who timely and validly request exclusion from the Class) who purchased or other acquired common stock in Ener1, Inc. during the period from November 4, 2010 through August 15, 2011, inclusive, and who were damaged thereby, excluding (i) Defendants; (ii) members of the Immediate Family of each Defendant; (iii) Ener1; (iv) any firm, trust, corporation or other entity in which any Defendant has or had a controlling interest; and (v) those persons or entities who exclude themselves by filing a request for exclusion in accordance with the requirements set forth in the Notice.

2.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of Settlement only, Lead Plaintiffs are appointed as the class representatives and Federman & Sherwood is appointed as Lead Counsel for the Class.

3.      Lead Counsel has the authority to enter into the Stipulation on behalf of Lead Plaintiffs and the Class, and is authorized to act on behalf of Lead Plaintiffs and the Class, with respect to all acts or consents required by or that may be given pursuant to the Stipulation, such as other acts that are reasonably necessary to consummate the Settlement.

4.      **Preliminary Approval of Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, as being fair, reasonable and adequate as to Class Members, subject to further consideration at the Settlement Hearing to be conducted as described below.

5.      **Settlement Hearing** – The Court will hold a settlement hearing (the "Settlement Hearing") on _____, 2013 at __:__ _.m. at the United States Courthouse, Courtroom 11D, 500 Pearl Street, New York, NY 10007, for the following purposes: (a) to determine

whether the Court should grant final certification of the Class solely for the purposes of the

Settlement; (b) to determine whether the proposed Settlement on the terms and conditions

provided for in the Stipulation are fair, reasonable and adequate, and should be approved by the

Court; (c) to determine whether the Judgment substantially in the form attached as Exhibit B of

the Stipulation should be entered dismissing the Action with prejudice against the Defendants;

(d) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is

fair and reasonable and should be approved by the Court; (e) to determine whether the motion by

Lead Counsel for an Incentive Award to Lead Plaintiffs and for an award of attorneys' fees and

reimbursement of Litigation Expenses should be approved; and (f) to consider any other matters

that may properly be brought before the Court in connection with the Settlement.  Notice of the

Settlement and the Settlement Hearing shall be given to Class Members as set forth in Paragraph

7 of this Order.

6.     The Court may adjourn the Settlement Hearing and approve the proposed

Settlement with such modifications as the Parties may agree to, if appropriate, without further

notice to the Class.

7.     **Retention of Claims Administrator and Manner of Notice** – Lead Counsel are

hereby authorized to retain _____ (the "Claims Administrator") to supervise and

administer the notice procedure as well as the processing of claims as more fully set forth below.

Notice of the Settlement and the Settlement Hearing shall be given by Lead Counsel as follows:

a.   not later than twenty-one (21) calendar days after the date of this order, the

Claims Administrator shall cause a copy of the Notice and the Claim Form, substantially

in the forms attached hereto as Exhibits "1" and "2", respectively, to be mailed by first

class mail to all members of the Class at the address of each such Class Member as set

forth in the records of the transfer agent, or who otherwise may be identified through further reasonable effort;

      b.  The Parties shall use their reasonable efforts to obtain from the transfer agent records regarding purchases of Ener1 common stock;

      c.  not later than fourteen (14) calendar days after the date of this Order, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit "3", to be published once in *Investor's Business Daily* and to be transmitted twice over *PR Newswire*; and

      d.  not later than fourteen (14) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

      8.    **Approval of Form and Content of Notice** – The Court: (a) approves, as to form and content, the Notice, the Claim Form, and the Summary Notice, attached hereto as Exhibits "1", "2", and "3", respectively; and (b) finds that the mailing and distribution of the Notice and Claim Form and the publication of the Summary Notice in the manner and form set forth in Paragraph 7 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise the Class Members of the pendency of the Action, the effect of the proposed Settlement (including the releases contained therein) and of their right to object to the proposed Settlement, exclude themselves from the Class and appear at the Settlement Hearing; (iii) constitutes due, adequate and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 77z-1(a)(7), § 78u-4(a)(7), and all other

applicable law and rules. The date and time of the Settlement Hearing shall be included in the Notice and Summary Notice before they are mailed and published, respectively.

9.      **Broker and Nominee Procedures** – Brokers and other nominees who purchased or acquired Ener1 common stock during the Class Period for the benefit of another person or entity shall be requested to forward the Notice and Claim Form (together, the "Notice Packet") to all such beneficial owners within fourteen (14) calendar days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within fourteen (14) calendar days of receipt thereof in which event the Claims Administrator shall promptly mail the Notice Packet to such beneficial owners.  Upon full compliance with this Order, such brokers or nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund in accordance with the provisions of the Stipulation.

10.      **Participation in Settlement** – Class Members who wish to participate in the Settlement and receive a distribution from the Net Settlement Fund must complete and submit the Claim Form in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Proof of Claim Forms must be postmarked no later than one hundred and twenty (120) calendar days after the Notice Date.[1]  Notwithstanding the foregoing and the provisions of paragraph 12(b), Lead Counsel may, at its discretion, accept for processing late claims provided that such acceptance does not delay the distribution of the Net Settlement Fund to the Class.  By

---

[1] "Notice Date" means the deadline for the Claims Administrator to mail or cause to be mailed to Class Members the Notice and the Claim Form.

submitting a Proof of Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim and the subject matter of the Settlement.

11.     Each Proof of Claim submitted must satisfy the following conditions: (a) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his, her or its current authority to act on behalf of the Class Member must be included in the Proof of Claim to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

12.     Any Class Member that does not timely and validly submit a Proof of Claim or whose claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her or its right to share in the Net Settlement Fund; (b) shall forever be barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders and judgments in the Action relating thereto, including, without limitation, the Judgment and the releases provided for therein, whether favorable or unfavorable to the Class; and (d) will be fully and forever barred from commencing, maintaining or prosecuting any of the Released Claims against each and all of the Released Parties as defined in the Stipulation, as more fully described in the Notice.

13.     **Exclusion From the Class** – Any member of the Class who wishes to exclude himself, herself or itself from the Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Class must be mailed or delivered such that it is received no later than twenty-five (25) calendar days prior to the Settlement Hearing, to: *In re Ener1, Inc. Securities Litigation,* c/o _____; (b) each request for exclusion must: (i) state the name, address and telephone number of the person or entity requesting exclusion; (ii) state that such person or entity "requests exclusion from the Class in *In re Ener1, Inc. Securities Litigation,* No. No. 1:11-CV-05794 (PAC)"; (iii) state the number of shares of Ener1 common stock that the person or entity requesting exclusion purchased and/or sold during the Class Period, as well as the dates and prices of each such purchase and sale; (iv) state whether the person or entity requesting exclusion sold or disposed of any Ener1 common stock during the period November 4, 2010 through August 15, 2011, inclusive, and if so, state the number of shares, the date(s) of such sale(s) and the amount of money received for each such sale; and (v) be signed by the person or entity requesting exclusion or an authorized representative.  A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court.

14.     Any person or entity who or which timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Class shall not be a Class Member, shall not be bound by the terms of the Settlement or any other orders or judgments in the Action and shall have no right to receive any payment out of any of the Net Settlement Fund.

15.     Any Class Member who or which does not timely and validly request exclusion from the Class in the manner stated in this Order: (a) shall be deemed to have waived his, her or its right to be excluded from the Class in this or any other proceeding; (b) shall be fully and

forever barred from requesting exclusion from the Class; (c) shall be bound by the provisions of the Stipulation and Settlement, all proceedings, determinations, orders and judgments in the Action, including, but not limited to, the Judgment and the releases provided for therein, whether favorable or unfavorable to the Class; and (d) will be fully and forever barred from commencing, maintaining or prosecuting any of the Released Claims, as defined in the Stipulation, against any of the Released Parties, as defined in the Stipulation and covered by the Judgment entered, as more fully described in the Notice.

16.    **Appearance and Objections at Settlement Hearing** – Any Class Member who does not request exclusion from the Class may enter an appearance in the Action, at his, her or its own expense, individually or through counsel of his, her or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Lead Counsel and Defendants' Counsel as set forth in Paragraph 17 below such that it is received no later than twenty (20) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct.

17.    Any Class Member who does not request exclusion from the Class may file written objections to the proposed Settlement, the proposed Plan of Allocation, and/or the motion for an Incentive Award to Lead Plaintiffs and for an award of attorneys' fees and reimbursement of Litigation Expenses; *provided, however*, that no Class Member shall be entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation, and/or the motion for an Incentive Award to Lead Plaintiffs and for attorneys' fees and reimbursement of Litigation Expenses unless that person or entity has filed written objections with the Court and served copies of such objections in the manner provided in the Notice such that it is received no later than twenty-five (25) calendar days prior to the Settlement Hearing on each of the following:

To Lead Plaintiffs:    William B. Federman
                       FEDERMAN & SHERWOOD

8

10205 N. Pennsylvania Avenue
Oklahoma City, Oklahoma 73120
Tel: (405) 235-1560
Facsimile: (405) 239-2112

To Any Defendant:   Jonathan C. Dickey
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
Tel: (212) 351-4000
Facsimile: (212) 351-4035

18.   Any objections, filings and other submissions by the objecting Class Member must contain a statement of his, her or its objections, as well as the specific reasons for each objection, including the legal and evidentiary support the Class Member wishes to bring to the Court's attention and documents sufficient to prove the number of shares of Ener1 common stock that the objecting Class Member purchased and sold during the Class Period, as well as the dates and prices of each such purchase and/or sale, and with respect to Ener1 common stock sold between November 4, 2010 through August 15, 2011, inclusive, state the number of shares, units or notes sold, the date(s) of such sale(s) and the amount of money received for each such sale.

19.   Any Class Member who does not make his, her or its objection in the manner provided herein shall be deemed to have waived his, her or its right to object to the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an Incentive Award to Lead Plaintiffs and for attorneys' fees and reimbursement of Litigation Expenses and shall forever be barred and foreclosed from objecting to the fairness, reasonableness or adequacy of the Settlement, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses, and the Incentive Award to Lead Plaintiffs, or from otherwise being heard concerning the Settlement, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses or the Incentive Award in this or any other proceeding.

20.    **Stay** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action involving the Defendants other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation.  Pending the Settlement Hearing, the Court enjoins Lead Plaintiffs and all other Class Members from commencing or prosecuting, either directly, indirectly, representatively or in any other capacity, any and all of the Released Claims, as defined in the Stipulation, as against each and all of the Released Parties, as defined in the Stipulation.

21.    **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying and notifying Class Members as well as in administering the Settlement Fund shall be paid as set forth in the Stipulation without further order of the Court.

22.    **Settlement Fund** – The contents of the Settlement Fund, shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

23.    **Taxes** – Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect of the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

24.    **Termination** – If any of the Settlement is terminated, or is not approved, or the Effective Date does not occur, this Order shall become null and void and shall be without prejudice to the rights of Lead Plaintiffs, the Class Members and the affected Defendants, all of whom shall be restored to their respective positions, as provided for in the Stipulation.

25. **Use of this Order –**This Order, the proposed Settlement, the Stipulation and any and all of their respective terms (and all negotiations, discussions and proceedings in connection therewith): (a) shall not be offered or received in evidence or used for any other purpose in this or any other proceeding in any court, administrative agency, arbitration forum, or other tribunal other than as may be necessary to enforce the terms of this Order and/or the proposed Settlement; (b) shall not be described as, construed as, interpreted as or offered or received against the Defendants as evidence of and/or deemed to be evidence of any presumption, concession, or admission of wrongdoing by the Defendants as to any liability, negligence or fault, on their part or the validity of any claim by Lead Plaintiffs or the merits of any of their defenses; and (c) shall not be described as, construed as, interpreted as, or offered or received against Lead Plaintiffs or any other Class Member as evidence of any infirmity in the claims of Lead Plaintiffs and the Class or that the damages recoverable from the Defendants would not have exceeded the Settlement Amount.

26. **Supporting Papers –** Lead Counsel shall file and serve papers in support of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an Incentive Award to Lead Plaintiffs and for an award of attorneys' fees and reimbursement of Litigation Expenses and the Incentive Award no later than thirty (30) calendar days prior to the Settlement Hearing; if reply papers are necessary, they are to be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

27. The Court retains jurisdiction to consider all further applications arising out of the proposed Settlement.

SO ORDERED this _________ day of January, 2013.

_________________________
The Honorable Paul A. Crotty
United States District Judge

**EXHIBIT A-1**

EXHIBIT A-1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
In re:                                                    :
                                                          :
ENER1, INC. SECURITIES LITIGATION        :      No. 1:11-CV-05794 (PAC)
                                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

<div align="center">

**NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED
SETTLEMENT, (II) SETTLEMENT HEARING, AND (III) MOTION FOR INCENTIVE
AWARD, ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

*A Federal Court Authorized This Notice.  This is not a solicitation from a lawyer.[1]*

</div>

**NOTICE OF PENDENCY OF CLASS ACTION**:  Please be advised that your rights may be affected by a class action lawsuit (the "Action") pending in the United States District Court for the Southern District of New York (the "Court") if, during the period from November 4, 2010 through August 15, 2011, inclusive (the "Class Period"), you purchased or otherwise acquired common stock in Ener1, Inc. ("Ener1").

**NOTICE OF SETTLEMENT**:  Please also be advised that the Court-appointed Lead Plaintiffs, Junie L. Morris and Lisa G. Morris, on behalf of themselves and the Class (defined in paragraph 22 below), have reached a proposed all-cash settlement of the Action with Defendants in the amount of $4.2 million.  If the Settlement is approved by the Court, it will resolve all claims in the Action by Class Members against the Defendants as well as other Released Parties as defined in paragraph 42 below.

**PLEASE READ THIS NOTICE CAREFULLY.  This Notice explains important rights you may have, including the possible receipt of cash from the Settlement if it is approved by the Court.  If you are a Class Member, your legal rights will be affected whether or not you act.**

     1. **Overview of the Action and the Class:**  This Notice relates to a proposed Settlement of claims in a pending class action brought by investors alleging that the prices of Ener1's common stock were artificially inflated during the Class Period as a result of false statements, non-disclosures, and fraudulent conduct by the Defendants in violation of the federal securities laws.  A more detailed description of the Action is set forth in paragraphs 14-21 below.  The Defendants are:  Charles Gassenheimer, Jeffrey Seidel, Robert R. Kamischke, Kenneth Baker, Elliot Fuhr, Nora Brownell and Thomas Snyder.

     The proposed Settlement provides for the release of claims against the Defendants and others as specified in the Stipulation and Agreement of Settlement, dated January 11, 2013 (the

---

[1]  All capitalized terms that are not defined in this Notice have the meaning ascribed to them in the Stipulation and Agreement of Settlement (the "Stipulation").

"Stipulation").  All persons and entities who purchased or otherwise acquired Ener1 common stock during the Class Period and were damaged thereby, except for certain persons and entities who are excluded from the Class by definition *(see* paragraph 22 below) or persons and entities who validly elect to exclude themselves from the Class (*see* paragraphs 50-53 below), will be affected by the Settlement, if it is approved by the Court, and may be eligible to receive a payment from the Settlement.

2. **The Class's Recovery:**  Subject to approval by the Court and such order becoming Final (as discussed in paragraphs 12-13 below) and as described more fully below, Lead Plaintiffs, on behalf of themselves and the Class, have agreed to settle all claims based on the allegations asserted in the Action that were or could have been asserted against the Defendants and other Released Parties and/or that relate to the purchase, acquisition or holding during the Class Period of Ener1 common stock, in exchange for a total of $4.2 million in cash (the "Settlement Amount").  The Settlement Amount will be deposited into an interest-bearing escrow account for the benefit of Class Members (the "Settlement Fund").  The Net Settlement Fund (the Settlement Fund less any Taxes, any Notice and Administration Costs, any Incentive Award, and any attorneys' fees and Litigation Expenses awarded by the Court) will be distributed in accordance with the plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Class who, by virtue of the claims they could assert, are eligible to participate in the distribution of the Net Settlement Fund and who submit timely and valid Proof of Claim and Release Forms (a "Claim Form").  The proposed plan of allocation (the "Plan of Allocation") is included in this Notice at pages ____ to ____.

3. **Reasons for the Settlement:**  The Settlement resolves claims against Defendants in the Class Action regarding alleged violations of the federal securities laws.  The Defendants deny all allegations of wrongdoing.  In light of the amount of the Settlement and the immediacy of recovery to the Class Members, Lead Plaintiffs believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Class.  The Settlement provides a substantial benefit, namely $4.2 million in cash, plus interest (less certain deductions described in this Notice), as compared to the risk that a similar, a smaller, or no recovery would be achieved after a trial and appeals, possibly years in the future, in which the Defendants would have the opportunity to assert defenses to the claims asserted against them.

4. **Estimate of Average Amount of Recovery Per Share:**  The Settlement Fund consists of $4.2 million plus interest earned. Your recovery will depend on the number of shares of Ener1 common stock that you purchased or otherwise acquired, and the timing of those transactions.  It will also depend on the number of valid claim forms that members of the Class submit and the amount of such claims.  Plaintiffs' expert estimates the total net number of Ener1 shares damaged is no greater than 46.8 million shares. Assuming that all of the investors who purchased or otherwise acquired Ener1 common stock during the Class Period and were damaged thereby participate in the Settlement, Lead Counsel estimates that the estimated average distribution will be approximately $0.090 per damaged share of Ener1 common stock before the deduction of Court-approved awards, fees and Litigation Expenses, as described below, and the cost of notice and claims administration. Historically, less than all eligible investors submit claims, resulting in higher average distributions per security.

5. **Statement of the Parties' Position on Damages:** The parties do not agree on the average amount of damages per share that would be recoverable if Lead Plaintiffs were to prevail in the Action. The parties disagree on, among other things: (a) the amount of inflation, if any, allegedly caused by the alleged misrepresentations and omissions; and (b) whether the misrepresentations and omissions were material to investors. The Defendants do not agree with the assertion that they engaged in any actionable conduct under the federal securities laws or that any damages were suffered by any members of the Class as a result of their conduct.

6. **Litigation Fees and Expenses Sought:** Lead Counsel have been prosecuting this Action on a wholly contingent basis since its inception in 2011, have not received any payment of attorneys' fees for their representation of the Class and they have advanced the funds to pay expenses necessarily incurred to prosecute the Action. Lead Counsel will apply to the Court for an award of attorneys' fees for Lead Counsel in an amount no greater than 25% of the Settlement Fund and for reimbursement of Litigation Expenses incurred in connection with the prosecution and resolution of the claims against the Defendants, in an amount not to exceed $90,000.00 (which may include an application for reimbursement of the reasonable costs and expenses incurred by Plaintiffs directly related to their representation of the Class) to be paid from the Settlement Fund. Lead Counsel will also apply to the Court for an incentive award for Lead Plaintiffs, who have overseen the litigation on behalf of all Class Members, in the amount of $1,500.00 to be paid from the Settlement Fund (the "Incentive Award"). Any fees and expenses, or any Incentive Award, awarded by the Court will be paid from the Settlement Fund. Class Members are not personally liable for any such fees, expenses or Incentive Award(s). If the Settlement is approved, and Lead Counsel's fee and expense application and Incentive Award application for Lead Plaintiffs is granted, the average cost of these fees, expenses, and awards will be approximately $0.025 per share of common stock.

7. **Identification of Attorneys' Representatives:** Lead Plaintiffs and the Class are being represented by William B. Federman, Esq. of Federman & Sherwood. Any questions regarding the Action or the Settlement should be directed to Mr. Federman at Federman & Sherwood, 10205 N. Pennsylvania Avenue, Oklahoma City, Oklahoma, 73120, (405) 235-1560.

| YOUR LEGAL RIGHTS AND OPTIONS IN THESE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM BY _____, 2013.** | This is the only way to be eligible to get a payment from the Settlement. If you are a Class Member and you remain in the Class, you will be bound by the Settlement as approved by the Court and you will give up any "Released Claims" (as defined below) that you have against the Defendants and the other "Released Parties" (as defined below), so, if you remain in the Class, it is in your interest to submit a Claim Form. |

| | |
|---|---|
| **EXCLUDE YOURSELF FROM THE CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2013.** | If you exclude yourself from the Class, you will not be eligible to get any payment from the Settlement Fund.  This is the only option that allows you ever to be part of any other lawsuit against any of the Defendants or the other Released Parties concerning the Released Claims. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2013.** | If you do not like the proposed Settlement, you may write to the Court and explain why you do not like the Settlement. You cannot object to the Settlement, unless you are a Class Member and do not exclude yourself. |
| **GO TO A HEARING ON _____, 2013 AT _:___ _.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2013.** | Filing a written objection and notice of intention to appear by _____, 2013 allows you to speak in Court about the fairness of the Settlement. |
| **DO NOTHING.** | If you are a member of the Class and you do not submit a Claim Form by _____, 2013, you will not be eligible to receive any payment from the Settlement.  You will, however, remain a member of the Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any Judgment or Orders entered by the Court in this Action. |

**[END OF COVER PAGE]**

## WHAT THIS NOTICE CONTAINS

Why Did I Get This Notice?                                                                    Page _
What Is The Case About? What Has Happened So Far?                                             Page _
How Do I Know If I Am Affected By the Settlement?                                             Page _
What Are Lead Plaintiffs' Reasons For The Settlement?                                         Page _
What Might Happen If There Was No Settlement?                                                 Page _
How Much Will My Payment Be?                                                                  Page _
What Rights Am I Giving Up By Remaining In The Class?                                          Page _
What Payment Are The Attorneys For The Class Seeking? How Will The
Lawyers Be Paid?                                                                              Page _
What Is The Proposed Incentive Award For Lead Plaintiffs?                                      Page _
How Do I Participate In The Settlement? What Do I Need To Do?                                  Page _
What If I Do Not Want To Participate In The Settlement? How Do I Exclude Myself?               Page _
When And Where Will the Court Decide Whether To Approve The Settlement?                        Page _
Do I Have To Come To The Hearing?                                                             Page _
May I Speak At The Hearing If I Don't Like The Settlement?                                     Page _
What If I Bought Shares On Someone Else's Behalf?                                              Page _
Can I See The Court File? Whom Should I Contact If I Have Questions?                            Page _

## WHY DID I GET THIS NOTICE?

8. This Notice is being sent to you pursuant to an Order of the United States District Court for the Southern District of New York because you or someone in your family or an investment account for which you serve as a custodian may have purchased or otherwise acquired Ener1 common stock during the Class Period. The Court has directed us to send you this Notice because, as a potential Class Member, you have a right to know about your options before the Court rules on the proposed Settlement. Additionally, you have the right to understand how a class action lawsuit may generally affect your legal rights. If the Court approves the Settlement and the Plan of Allocation (or some other plan of allocation), the claims administrator selected by Lead Plaintiffs and approved by the Court will make payments pursuant to the Settlement and the Court-approved plan of allocation after any objections and appeals are resolved.

9. In a class action lawsuit, the court selects one or more people, known as class representatives, to sue on behalf of all people with similar claims, commonly known as the class or the class members. A class action is a type of lawsuit in which the claims of a number of individuals are resolved together, thus providing the class members with both consistency and efficiency. Once the class is certified, the court must resolve all issues on behalf of the class members, except for any persons who choose to exclude themselves from the class. In this Action, the Court appointed Junie L. Morris and Lisa G. Morris to serve as Lead Plaintiffs under a federal law governing lawsuits such as this one, and approved Lead Plaintiffs' selection of the law firm of Federman & Sherwood ("Lead Counsel") to serve as Lead Counsel in the Action. In

the Order Preliminarily Approving Proposed Settlement and Providing for Notice, the Court certified the Action to proceed as a class action and certified Lead Plaintiffs as representatives for the Class, for settlement purposes only.  (For more information on excluding yourself from the Class, please read "What If I Do Not Want To Be A Part Of The Settlement? How Do I Exclude Myself?," below.)

10.     The court in charge of this case is the United States District Court for the Southern District of New York, and the case is known as *In re Ener1, Inc. Securities Litigation,* No. 1:11-CV-05794 (PAC).  The Judge presiding over this case is the Honorable Paul A. Crotty, United States District Judge.  The persons or entities that are suing are called plaintiffs, and those who are being sued are called defendants.  If the Settlement is approved, it will resolve all claims in the Action by Class Members against the Defendants and will bring the Action to an end.

11.     This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.  The purpose of this Notice is to inform you of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Class if you wish to so do.  It is also being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation and the motion by Lead Counsel for attorneys' fees, reimbursement of Litigation Expenses, and an Incentive Award for Lead Plaintiffs (the "Settlement Hearing").

12.     The Settlement Hearing will be held on _____, 2013 at _:__ _.m., before the Honorable Paul A. Crotty at the United States District Court for the Southern District of New York, United States Courthouse, Courtroom 11D, 500 Pearl Street, New York, NY 10007 to determine:

(a)     whether the Court should grant final certification of the Class solely for the purposes of the Settlement;

(b)     whether the proposed Settlement is fair, reasonable and adequate and should be approved by the Court;

(c)     whether all claims asserted in the Action against the Defendants should be dismissed with prejudice and all Released Claims against the Defendants and the other Released Parties should be released as set forth in the Stipulation;

(d)     whether the proposed Plan of Allocation is fair and reasonable, and should be approved by the Court;

(e)     whether Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved by the Court; and

(f)     whether an Incentive Award to Lead Plaintiffs should be approved by the Court.

13.     This Notice does not express any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement.  If the Court approves the Settlement and a plan of allocation, payments to Authorized Claimants

will be made after any appeals are resolved, and after the completion of all claims processing. Please be patient.

---

## WHAT IS THE CASE ABOUT? WHAT HAS HAPPENED SO FAR?

---

14.    The Action is a class action alleging violations of the federal securities laws by the Defendants.

15.    In August 2011, three securities class actions – *Beckman v. Ener1, Inc.*, *et al.*, Case No. 1:11-CV-05794, *Neufeld v. Ener1, Inc.*, *et al.*, Case No. 1:11-CV-05795, and *Foster v. Ener1, Inc.*, *et al.*, Case No. 1:11-CV-06030 – were commenced in the District Court against Ener1, Inc. and certain of its officers and directors (collectively, the "Securities Actions").  The Securities Actions alleged violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), and Rule 10b-5 promulgated thereunder, arising from, *inter alia*, Ener1's public disclosures concerning Ener1's investment in Think Holdings, AS and Ener1's accounts and loans receivable from Think Global, AS and Ener1's announcement, in August 2011, that it intended to restate its financial results for fiscal year 2010 and the first quarter of 2011 in order to reflect certain impairments as of December 31, 2010.

16.    By order dated February 15, 2012, the Honorable Paul A. Crotty ordered that the Securities Actions be consolidated with and into the Action (the "Consolidation Order").  In the Consolidation Order, Judge Crotty appointed Junie L. Morris and Lisa G. Morris as Lead Plaintiffs and Federman & Sherwood as Lead Counsel.

17.    The Lead Plaintiffs filed a Consolidated Amended Class Action Complaint on April 9, 2012 (the "Consolidated Complaint") against Defendants, which superseded all prior complaints filed in the Action and alleged claims on behalf of all investors who purchased or otherwise acquired Ener1 common stock during the period from November 4, 2010 through August 15, 2011.  The Consolidated Complaint did not name Ener1 as a defendant because it had filed for "financial restructuring under Chapter 11 of the Bankruptcy Code."

18.    On June 15, 2012, Defendants moved to dismiss the Consolidated Complaint.  Lead Plaintiffs filed their memorandum of law in opposition to the motion to dismiss on August 8, 2012, and Defendants filed their reply memorandum of law on August 24, 2012.  The motion to dismiss has been and remains ripe for determination by the Court.

19.    Lead Counsel and Defendants' Counsel subsequently engaged in substantial arm's-length negotiations in an effort to resolve the Action, which included a meeting at the New York offices of JAMS for mediation before mediator Jed Melnick, Esq. on November 20, 2012 and subsequent communications among the parties and the mediator, during which settlement terms and conditions were proposed and negotiated.

20.    Before agreeing to the Settlement, Lead Counsel had conducted an investigation into the events and transactions underlying the claims alleged in the Consolidated Complaint, had analyzed the evidence adduced during this investigation, had consulted with damages

8

experts, and had researched the applicable law with respect to the claims of Lead Plaintiffs and the Class against Defendants and the potential defenses thereto. At the time the agreements to settle were reached, Lead Counsel had an understanding of the strengths and weaknesses of Lead Plaintiffs' and the Defendants' positions based on their investigation, the briefing of the motion to dismiss, and the preparation of a mediation statement as well as the review of the mediation statements prepared by Defendants. Lead Counsel and Lead Plaintiffs believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Class.

21. On _____, 2013, the Court entered an Order Preliminarily Approving Proposed Settlement and Providing for Notice, which preliminarily approved the Settlement, preliminarily certified the Class, authorized this Notice be sent to potential Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval of the Settlement.

## HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?

22. If you are a member of the Class, you are subject to the Settlement, unless you timely request to be excluded. The Class consists of:

> All persons and/or entities who purchased or otherwise acquired common stock in Ener1, Inc. during the period from November 4, 2010 through August 15, 2011 and were damaged thereby.

> Excluded from the Class are: (i) Defendants; (ii) members of the Immediate Family of each Defendant; (iii) Ener1; (iv) any firm, trust, corporation or other entity in which any Defendant has or had a controlling interest; and (v) those persons or entities who exclude themselves by filing a request for exclusion in accordance with the requirements set forth in the Notice. (See "What if I Do Not Want to Participate in the Settlement? How Do I Exclude Myself," on page __ below).

**PLEASE NOTE: RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT. IF YOU ARE A CLASS MEMBER AND YOU WISH TO BE ELIGIBLE TO PARTICIPATE IN THE DISTRIBUTION OF PROCEEDS FROM THE SETTLEMENT, YOU ARE REQUIRED TO SUBMIT THE CLAIM FORM THAT IS BEING DISTRIBUTED WITH THIS NOTICE AND THE REQUIRED SUPPORTING DOCUMENTATION AS SET FORTH THEREIN POSTMARKED NO LATER THAN _____, 2013.**

## WHAT ARE LEAD PLAINTIFFS' REASONS FOR THE SETTLEMENT?

23. Lead Plaintiffs and Lead Counsel believe that the claims asserted against the Defendants have merit. Lead Plaintiffs and Lead Counsel recognize, however, the expense and

length of continued proceedings necessary to pursue their claims against Defendants through trial and appeals, as well as the difficulties in establishing liability and damages at trial.  Lead Plaintiffs and Lead Counsel have also taken into account the possibility that the claims asserted in the Consolidated Complaint might have been dismissed in response to the Defendants' pending motion to dismiss and, in the event the motion was denied, Defendants' anticipated motion for summary judgment.  Lead Plaintiffs and Lead Counsel have also considered issues that would have been decided by a jury in the event of a trial of the Action, including whether certain of the Defendants acted with an intent to mislead investors, whether all of Class Members' losses were caused by the alleged misrepresentations or omissions and the amount of damages.  Lead Plaintiffs and Lead Counsel have considered the uncertain outcome and trial risk in complex lawsuits like this one, and that, even if they were successful, after the resolution of the appeals that were certain to be taken (which could take years to resolve), certain of the Defendants may not have been able to pay an amount significantly larger than their respective Settlement Amount or even as much as the Settlement Amount.

24.     In light of the amount of the Settlement and the immediacy of recovery to the Class, Lead Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable and adequate.  Indeed, Lead Plaintiffs and Lead Counsel believe that the Settlement achieved excellent results and is in the best interests of the Class.  The Settlement, which totals $4.2 million in cash (less the various deductions described in this Notice), provides substantial benefits now as compared to the risk that a similar, a smaller, or no recovery would be achieved after a trial and appeals, possibly years in the future.

25.     The Defendants have denied, and continue to deny, the claims asserted against them in the Action and deny having engaged in any wrongdoing or violation of law of any kind whatsoever.  The Defendants have agreed to the Settlement solely to eliminate the burden and expense of continued litigation.  Accordingly, the Settlement may not be construed as an admission of any wrongdoing by any of the Defendants.

## WHAT MIGHT HAPPEN IF THERE WAS NO SETTLEMENT?

26.     If there was no Settlement and Plaintiffs failed to establish any essential legal or factual element of their claims against the Defendants, neither they nor the Class would recover anything from the Defendants.  Also, if the Defendants were successful in proving any of their defenses, the Class could recover substantially less than the amounts provided in the Settlement, or nothing at all.

## HOW MUCH WILL MY PAYMENT BE? WHAT IS THE PLAN OF ALLOCATION?

27.     At this time, it is not possible to make any determination as to how much a Class Member may receive from the Settlement.  Your share (if any) of the recovery will depend on the number of valid Proofs of Claim and Releases that Class Members send in, how many shares of Ener1 stock you bought, and when you bought and sold your shares.

28.     Pursuant to the Settlement, the Contributing Insurer has agreed to pay $4.2 million in cash.  The Settlement Amount will be deposited into an interest-bearing escrow account (the "Settlement Fund").  If the Settlement is approved by the Court, the Net Settlement Fund (*i.e.,* the Settlement Fund less (a) all federal, state and local taxes on any income earned by the Settlement Fund and the reasonable costs incurred in connection with determining the amount of and paying taxes owed by the Settlement Fund (including reasonable expenses of tax attorneys and accountants); (b) the costs and expenses incurred in connection with providing Notice to Class Members and administering the Settlement on behalf of Class Members; and (c) any attorneys' fees and expenses and incentive awards awarded by the Court) will be distributed to Class Members as set forth in the proposed plan of allocation (the "Plan of Allocation") or such other plan as the Court may approve.

29.     After approval of the Settlement by the Court and upon satisfaction of the other conditions to the Settlement, the Net Settlement Fund will be distributed to Authorized Claimants in accordance with the plan of allocation approved by the Court (the "Plan of Allocation").  The Net Settlement Fund will not be distributed until the Court has approved the Plan of Allocation, and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

30.     Neither Defendants nor any other person or entity that paid any portion of the Settlement Amounts on any of their behalves are entitled to get back any portion of the respective Settlement Fund once the Court's Order or Judgment approving the relevant Settlement becomes Final.  Defendants shall not have any liability, obligation or responsibility for the administration of the Settlement or disbursement of the Net Settlement Fund or the Plan of Allocation.

31.     Approval of the Settlement is independent from approval of the Plan of Allocation.  Any determination with respect to the plan of allocation will not affect the Settlement, if approved.

32.     Only those Class Members who purchased or otherwise acquired Ener1 common stock during the Class Period **AND WERE DAMAGED AS A RESULT OF SUCH PURCHASES OR ACQUISITIONS**, will be eligible to share in the distribution of the Net Settlement Fund.  Each person wishing to participate in the distribution must timely submit a valid Claim Form establishing membership in the Class, and including all required documentation, postmarked on or before _____, **2013** to the address set forth in the Claim Form that accompanies this Notice.

33.     Unless the Court otherwise orders, any Class Member who fails to submit a Claim Form postmarked on or before _____, **2013** shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Class Member and be subject to the provisions of the Stipulation and Settlement that is approved, including the terms of any Judgment entered and releases given.  This means that each Class Member releases the Released Claims (as defined in paragraph 42 below) against the Released Parties (as defined in paragraph 42 below) and will be enjoined and prohibited from filing, prosecuting, or pursuing any of the Released Claims against any of the Released Parties regardless of whether or not such Class Member submits a Claim Form.

34.     **Information Required on the Claim Form**:  Among other things, each Claim Form must state and provide sufficient documentation for each Claimant's position in Ener1 common stock as of the beginning of the Class Period, their transactions during the Class Period, and their closing positions on the dates specified in the Claim Form.

35.     The following Plan of Allocation is designed to fairly allocate the proceeds of the Settlement Fund, less all taxes, approved costs, fees and expenses and incentive awards (the "Net Settlement Fund"), to the members of the Class who submit timely and valid Proofs of Claim ("Authorized Claimants"). The Claims Administrator shall determine each Authorized Claimant's pro rata share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim. This Plan of Allocation schedule reflects the declines in the stock price of Ener1, Inc. during the Class Period from November 4, 2010 through August 15, 2011, inclusive that were found to be reasonably attributable to the misstatements alleged in the Consolidated Class Action Complaint.[2]

36.     For shares purchased on or between November 5, 2010 and August 15, 2011, such shares shall be eligible for damages if sold on or after May 11, 2011 or continued to be held. The following summarizes the method for determining Recognized Loss for damage claims per share:

A.     For each share purchased on or between November 5, 2010 and August 15, 2011, and sold on or after May 11, 2005 and on or before August 15, 2011, the Recognized Loss for each such share shall be ***the lesser of***:

(i)     the dollar inflation applicable to each share purchased on the date of purchase (trade date, not settlement date) as set forth in Table 1 minus the dollar inflation on the date of sale (trade date, not settlement date) as set forth in Table 1, or

(ii)     the actual purchase price of each such share (excluding all fees and commissions) minus the actual sale price (excluding all fees and commissions).

B.     For each share purchased on or between November 5, 2010 and August 15, 2011, and sold on or after August 16, 2011 and on or before November 14, 2011, the Recognized Loss for each such share shall be ***the lesser of***:

(i)     the dollar inflation applicable to each share purchased on the date of purchase (trade date, not settlement date) as set forth in Table 1 minus the dollar inflation on the date of sale (trade date, not settlement date) as set forth in Table 1, or

(ii)     the actual purchase price of each such share (excluding all fees and commissions) minus the actual sale price (excluding all fees and commissions), or

(iii)     the actual purchase price of each such share (excluding all fees and commissions) minus the 90-day lookback price as set forth in Table 2 on the date of sale.

---

[2]   The Defendants take no position on the Plan of Allocation and, as stated above, continue to deny that Ener1's common stock was ever artificially inflated in price, or that any Class Members suffered any damage.

C.      For each share purchased on or between November 5, 2010 and August 15, 2011, and sold or held after November 14, 2011, the Recognized Loss for each such share shall be ***the lesser*** *of*:

        (i)     the dollar inflation applicable to each share purchased on the date of purchase (trade date, not settlement date) as set forth in Table 1, or

        (ii)    the actual purchase price of each such share (excluding all fees and commissions) minus the 90-day lookback price of $0.25 per share.

**Table 1:  Inflation per Share Table**

| Period | Begin Date | End Date | Inflation per Share |
|---:|---|---|---|
| 1 | 11/5/2010 | 12/30/2010 | $ 0.77 |
| 2 | 12/31/2010 | 3/9/2011 | $ 1.54 |
| 3 | 3/10/2011 | 3/10/2011 | $ 1.42 |
| 4 | 3/11/2011 | 3/11/2011 | $ 1.65 |
| 5 | 3/12/2011 | 5/10/2011 | $ 1.35 |
| 6 | 5/11/2011 | 6/22/2011 | $ 0.73 |
| 7 | 6/23/2011 | 8/9/2011 | $ 0.57 |
| 8 | 8/10/2011 | 8/11/2011 | $ 0.53 |
| 9 | 8/12/2011 | 8/15/2011 | $ 0.47 |
| 10 | 8/16/2011 | 8/16/2011 | $ 0.16 |
| 11 | 8/17/2011 | 9/16/2011 | $ 0.14 |
| 12 | 9/19/2011 | 9/27/2011 | $ 0.12 |
| 13 | 9/28/2011 | 10/25/2011 | $ 0.10 |
| 14 | 10/26/2011 | 10/26/2011 | $ 0.04 |
| 15 | 10/27/2011 | Current | $ 0.00 |

**Table 2:  Closing Price and 90-Day Lookback Prices**

| Date | ENER1 Closing Price | ENER1 90-Day Lookback Price |
|---|---|---|
| 8/16/2011 | 0.45 | 0.45 |
| 8/17/2011 | 0.43 | 0.44 |
| 8/18/2011 | 0.40 | 0.42 |
| 8/19/2011 | 0.37 | 0.41 |
| 8/22/2011 | 0.35 | 0.40 |
| 8/23/2011 | 0.39 | 0.40 |
| 8/24/2011 | 0.36 | 0.39 |
| 8/25/2011 | 0.35 | 0.39 |
| 8/26/2011 | 0.36 | 0.38 |
| 8/29/2011 | 0.42 | 0.39 |
| 8/30/2011 | 0.40 | 0.39 |
| 8/31/2011 | 0.39 | 0.39 |
| 9/1/2011 | 0.36 | 0.39 |

| | | |
|---|---|---|
| 9/2/2011 | 0.35 | 0.38 |
| 9/6/2011 | 0.35 | 0.38 |
| 9/7/2011 | 0.36 | 0.38 |
| 9/8/2011 | 0.37 | 0.38 |
| 9/9/2011 | 0.36 | 0.38 |
| 9/12/2011 | 0.35 | 0.38 |
| 9/13/2011 | 0.35 | 0.38 |
| 9/14/2011 | 0.33 | 0.37 |
| 9/15/2011 | 0.32 | 0.37 |
| 9/16/2011 | 0.29 | 0.37 |
| 9/19/2011 | 0.24 | 0.36 |
| 9/20/2011 | 0.20 | 0.36 |
| 9/21/2011 | 0.17 | 0.35 |
| 9/22/2011 | 0.19 | 0.34 |
| 9/23/2011 | 0.20 | 0.34 |
| 9/26/2011 | 0.20 | 0.33 |
| 9/27/2011 | 0.19 | 0.33 |
| 9/28/2011 | 0.15 | 0.32 |
| 9/29/2011 | 0.09 | 0.31 |
| 9/30/2011 | 0.14 | 0.31 |
| 10/3/2011 | 0.19 | 0.31 |
| 10/4/2011 | 0.24 | 0.30 |
| 10/5/2011 | 0.37 | 0.31 |
| 10/6/2011 | 0.39 | 0.31 |
| 10/7/2011 | 0.36 | 0.31 |
| 10/10/2011 | 0.32 | 0.31 |
| 10/11/2011 | 0.27 | 0.31 |
| 10/12/2011 | 0.29 | 0.31 |
| 10/13/2011 | 0.28 | 0.31 |
| 10/14/2011 | 0.29 | 0.31 |
| 10/17/2011 | 0.27 | 0.31 |
| 10/18/2011 | 0.27 | 0.31 |
| 10/19/2011 | 0.28 | 0.31 |
| 10/20/2011 | 0.27 | 0.30 |
| 10/21/2011 | 0.27 | 0.30 |
| 10/24/2011 | 0.27 | 0.30 |
| 10/25/2011 | 0.26 | 0.30 |
| 10/26/2011 | 0.15 | 0.30 |
| 10/27/2011 | 0.09 | 0.30 |
| 10/28/2011 | 0.10 | 0.29 |
| 10/31/2011 | 0.12 | 0.29 |
| 11/1/2011 | 0.15 | 0.29 |
| 11/2/2011 | 0.16 | 0.28 |
| 11/3/2011 | 0.14 | 0.28 |
| 11/4/2011 | 0.14 | 0.28 |

| 11/7/2011 | 0.13 | 0.28 |
|-----------|------|------|
| 11/8/2011 | 0.13 | 0.27 |
| 11/9/2011 | 0.12 | 0.27 |
| 11/10/2011 | 0.12 | 0.27 |
| 11/11/2011 | 0.12 | 0.27 |
| 11/14/2011 | 0.12 | 0.26 |

37.     For all purposes, the transaction date and not the settlement date shall be used as the date for determining inflation per share, eligibility to file a claim, and the calculation of Recognized Losses.  All purchases and sales of Ener1 common shares shall be accounted for and matched using the first-in-first-out (FIFO) method of accounting.

38.     The Court has reserved jurisdiction to allow, disallow or adjust the Claim of any Class Member on equitable grounds.

39.     Each Claimant shall be deemed to have submitted to the jurisdiction of the United States District Court for the Southern District of New York with respect to his, her or its Claim Form.

40.     Persons and entities that are excluded from the Class by definition or that exclude themselves from the Class will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms.

## WHAT RIGHTS AM I GIVING UP BY REMAINING IN THE CLASS?

41.     If you remain in the Class, you will be bound by any orders issued by the Court. For example, if the Settlement that is approved, the Court will enter a judgment (the "Judgment").  The Judgment will dismiss with prejudice the claims against the Defendants and will provide that, upon the Effective Date of the Settlement, Lead Plaintiffs and each of the other members of the Class on behalf of themselves, their respective heirs, executors, administrators, predecessors, successors and assigns, shall be deemed by operation of law to have released, waived, discharged and dismissed each and every Released Claim (as defined in paragraph 42 below) as against all of the Released Parties (as defined in paragraph 42 below) and shall forever be enjoined from prosecuting any or all Released Claims against any Released Parties.

42.     The Released Claims are defined as follows:

**"Released Claims"** means any and all claims (including "Unknown Claims" as defined below), debts, demands, controversies, obligations, losses, rights, liabilities and/or causes of action of any kind or nature whatsoever – including, but not limited to, any claims for damages (whether compensatory, special, incidental, consequential, punitive, exemplary or otherwise), injunctive relief, declaratory relief, rescission or rescissionary damages, interest, attorneys' fees, expert or consulting fees, costs, expenses, or any other form of legal or equitable relief whatsoever whether based on federal, state, local, foreign, statutory or common law or regulation, class or individual in nature, known or unknown, fixed or contingent, direct or derivative, suspected or

15

unsuspected, concealed or hidden, accrued or un-accrued, liquidated or un-liquidated, at law or in equity, matured or un-matured, that either have been or could have been asserted in this Action by or any behalf of the Lead Plaintiffs or any other Class Member against any of the Released Parties, which (i) arise out of or are based upon or related in any way to the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Action or the Consolidated Complaint, and/or (ii) arise out of or are based upon or related in any way to Lead Plaintiffs' or any other Class Member's purchase, acquisition or holding of Ener1 common stock during the Class Period insofar as it relates in any way to any other matter covered in this definition of Released Claims (except for claims to enforce the Settlement).

"**Unknown Claims**" means any and all Released Claims which Lead Plaintiffs or other Class Members do not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties, and any Released Claims by Defendants as to Plaintiffs which any Released Party does not know or suspect to exist in his, her, or its favor at the time of the release of Lead Plaintiffs or Lead Counsel, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement. With respect to any and all Settled Claims and Released Claims by Defendants as to Plaintiffs, the Settling Parties stipulate and agree that, upon the Effective Date, Lead Plaintiffs and each of the Settling Defendants shall expressly waive, and each of the other Class Members and each of the other Released Parties shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Lead Plaintiffs shall expressly waive and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code §1542. Lead Plaintiffs and each of the Defendants acknowledge, and each of the other Class Members and each of the other Released Parties shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for as a key element of the Settlement.

"**Released Parties**" means each and all of Defendants and each and all of their Related Parties.

"**Related Parties**" means each of a Defendants' past, present or future assigns, attorneys, advisors, representatives, members of his or her Immediate Family, heirs, executors, estates, administrators, insurers (including, without limitation the Contributing Insurer), and any firm, trust, corporation, or other entity in which any of the Defendants has or had a controlling interest; provided, however, that Ener1 shall in no event be deemed a Related Party.

43.     The Judgment will also provide that, upon the Effective Date of the Settlement,

each of the Defendants and each of the Released Parties, on behalf of themselves, their respective heirs, executors, administrators, predecessors, successors and assigns, shall be deemed by operation of law to have released, waived, discharged and dismissed any and all claims, rights, demands, liabilities or causes of action of every nature and description whatsoever (including, but not limited to, any claims for damages, interest, attorney's fees, expert or consulting fees, and any other costs, expenses or liabilities whatsoever), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, including both known claims and Unknown Claims, that have been or could have been asserted in the Action or in this or any other forum against Lead Plaintiffs or Lead Counsel, which arise out of or relate in any way to the institution, prosecution, or settlement of the Action (except for claims to enforce the Settlement), and shall forever be enjoined from prosecuting any such claims against Lead Plaintiffs or Lead Counsel.

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?

44.     Lead Counsel have not received any payment for their services in pursuing claims against the Defendants on behalf of the Class, nor have they been reimbursed for their out-of-pocket expenses.  Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees on behalf of all Lead Counsel in the amount no greater than 25% of the Settlement Fund.  At the same time, Lead Counsel also intend to apply for reimbursement of Litigation Expenses to be paid proportionately from the Settlement Fund in an amount not to exceed $90,000.00 (which may include an application for reimbursement of the reasonable costs and expenses incurred by Plaintiffs directly related to their representation of the Class).  Should the Court approve less than all the Settlement, attorneys' fees will be paid only with respect to the part of the Settlement that is approved and the Litigation Expenses approved by the Court will be paid proportionately from the Settlement Fund created by the Settlement.

## WHAT IS THE PROPOSED INCENTIVE AWARD FOR LEAD PLAINTIFFS?

45.     Lead Plaintiffs have overseen the litigation on behalf of the Class Members and have not received any payment for their services on behalf of the Class.  Before final approval of the Settlement, Lead Counsel will apply to the Court for an Incentive Award in the amount of $1,500.00 to be paid to Lead Plaintiffs from the Settlement Fund.  Should the Court approve less than all of the proposed $1,500.00 award, the Incentive Award will be paid only to the extent approved by the Court.

## HOW DO I PARTICIPATE IN THE SETTLEMENT? WHAT DO I NEED TO DO?

46.     To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Class and you must timely complete and return the Claim Form with adequate supporting documentation **postmarked no later than _____, 2013.**  A Claim Form is

included with this Notice, or you may obtain one from the website maintained by the Claims Administrator for the Settlement, _____, or from Lead Counsel's website, www.federmanlaw.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at _____.  If you request exclusion from the Class or do not submit a timely and valid Claim Form, you will not be eligible to share in any of the Net Settlement Fund.  Please retain all records of your ownership of and transactions in Ener1 common stock, as they may be needed to document your Claim.

47.     As a Class Member you are represented by Lead Plaintiffs and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense.  You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When and Where Will the Court Decide Whether to Approve the Settlement," below.

48.     If you are a Class Member and do not wish to remain a Class Member, you may exclude yourself from the Class by following the instructions in the section entitled, "What If I Do Not Want to Participate in the Settlement? How Do I Exclude Myself?," below.

49.     If you are a Class Member and you wish to object to the Settlement, to the Plan of Allocation, or to Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses and an Incentive Award for Lead Plaintiffs, and if you do not exclude yourself from the Class, you may present your objections by following the instructions in the section entitled, "When and Where Will the Court Decide Whether to Approve the Settlement?," below.

## WHAT IF I DO NOT WANT TO PARTICIPATE IN THE SETTLEMENT? HOW DO I EXCLUDE MYSELF?

50.     Each Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written Request for Exclusion from the Class, addressed to *In re Ener1, Inc. Securities Litigation,* EXCLUSIONS, _____.  The exclusion request must be *received* no later than _____, 2013.  You will not be able to exclude yourself from the Class after that date.  Each Request for Exclusion must (a) state the name, address and telephone number of the person or entity requesting exclusion; (b) state that such person or entity "requests exclusion from the Class in *In re Ener1, Inc. Securities Litigation,* No. 1:11-CV-05794 (PAC)"; (c) state the number of shares of Ener1 common stock that the person or entity requesting exclusion purchased and/or sold during the Class Period, as well as the dates and prices of each such purchase and sale; and (d) be signed by such person or entity requesting exclusion or an authorized representative.  A Request for Exclusion shall not be effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

51.     If you do not want to be part of the Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Claim against any of the Released Parties.

52.     If you ask to be excluded from the Class, you will not be eligible to receive any payment out of any of the Net Settlement Fund, or any other benefit provided for in the Stipulation.

53.     The Defendants have the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Class in an amount that exceeds an amount agreed to by Lead Plaintiffs and the Defendants.

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?**

54.     The Settlement Hearing will be held on _____, 2013 at _:_ _.m. before the Honorable Paul A. Crotty, at the United States District Court for the Southern District of New York, United States Courthouse, Courtroom 11D, 500 Pearl Street, New York, NY 10007**.** The Court reserves the right to approve the Settlement at or after the Settlement Hearing without further notice to the members of the Class.

**DO I HAVE TO COME TO THE HEARING?**

55.     **Class Members do not need to attend the Settlement Hearing.  The Court will consider any submission made in accordance with the provisions below even if the Class Member does not attend the hearing.  You can participate in the Settlement without attending the Settlement Hearing.**

**MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

56.     Any Class Member who does not request exclusion may object to the Settlement, the proposed Plan of Allocation or Lead Counsel's request for an Incentive Award for Lead Plaintiff and an award of attorneys' fees and reimbursement of Litigation Expenses**.**  Objections must be in writing**.**  You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Southern District of New York at the address set forth below on or before _____, 2013**.** You must also serve the papers on Lead Counsel for the Class and on counsel for the Defendants at the addresses set forth below for their respective counsel so that the papers are ***received*** on or before _____**,** 2013.

| **Clerk's Office** | **Lead Counsel for the Class** | **Counsel for Defendants** |
|---|---|---|
| United States District Court for the Southern District of New York Clerk of the Court United States Courthouse 500 Pearl Street New York, NY 10007 | William B. Federman, Esq. FEDERMAN & SHERWOOD 10205 N. Pennsylvania Avenue Oklahoma City, Oklahoma 73120 Tel: (405) 235-1560 Facsimile: (405) 239-2112 | Jonathan C. Dickey GIBSON, DUNN &  CRUTCHER LLP 200 Park Avenue New York, NY 10166 Tel: (212) 351-4000 Facsimile: (212) 351-4035 |

19

57.     Any objection to the Settlement (a) must contain a statement of the Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention; and (b) must include documents sufficient to prove the number of shares of Ener1 common stock that the objecting Class Member purchased and sold during the Class Period, as well as the dates and prices of each such purchase and/or sale.  You may not object to the Settlement, the Plan of Allocation or the motion for an Incentive Award, attorneys' fees and reimbursement of expenses if you excluded yourself from the Class or if you are not a member of the Class.

58.     You may file a written objection without having to appear at the Settlement Hearing**.**  You may not, however, appear at the Settlement Hearing to present your objection unless you first filed and served a written objection in accordance with the procedures described above, unless the Court orders otherwise.

59.     If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation or Lead Counsel's request for an award of attorneys' fees and reimbursement of expenses and an Incentive Award for Lead Plaintiffs, and if you file and serve a timely written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and counsel for the Defendants at the addresses set forth above so that it is **received** on or before _____, 2013.  Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing.

60.     You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing**.**  If you decide to hire an attorney, which will be at your own expense, however, he or she must file a notice of appearance with the Court and serve it on Lead Counsel and Counsel for the Defendants at the set forth addresses above so that the notice is **received** on or before _____, 2013.

61.     The Settlement Hearing may be adjourned by the Court without further written notice to the Class.  If you intend to attend the Settlement Hearing, you should confirm the date and time with Lead Counsel.

**Unless the Court orders otherwise, any Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation or Lead Counsel's request for an award of attorneys' fees and reimbursement of expenses and an Incentive Award for Lead Plaintiffs.  Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

## WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

62.     If you purchased or otherwise acquired Ener1 common stock during the Class Period for the beneficial interest of persons or organizations other than yourself, you must either

(a) send a copy of this Notice and the enclosed Claim Form to the beneficial owners of such securities, postmarked no later than fourteen (14) days after you receive this Notice, or (b) provide the names and addresses of such persons or entities no later than fourteen (14) days after you receive this Notice to *In re Ener1, Inc. Securities Litigation,* c/o _____.  If you choose the second option, the Claims Administrator will send a copy of the Notice and the Claim Form to the beneficial owners.  Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Copies of this Notice and the Claim Form can be obtained from the website maintained by the Claims Administrator for the Settlement, _____, or from Lead Counsel's website, www.federmanlaw.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at _____.

## CAN I SEE THE COURT FILE? WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

63.    This Notice contains only a summary of the terms of the proposed Settlement**.**  For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be inspected during regular office hours at the Office of the Clerk, United States District Court, Southern District of New York, United States Courthouse, 500 Pearl Street, New York, NY 10007. Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the website maintained by the Claims Administrator, _____.  All inquiries concerning this Notice should be directed to:

<div align="center">

*In re Ener1, Inc. Securities Litigation*
c/o _____
Claims Administrator
_____

and

William B. Federman, Esq.
**FEDERMAN & SHERWOOD**
10205 N. Pennsylvania Avenue
Oklahoma City, Oklahoma 73120
Tel: (405) 235-1560
Facsimile: (405) 239-2112

</div>

**DO NOT CALL OR WRITE THE COURT OR THE OFFICE OF THE CLERK OF THE COURT REGARDING THIS NOTICE.**

Dated: _____, 2013                    By Order of the Clerk of the Court
United States District Court
Southern District of New York

# Exhibit A-2

| | |
|---|---|
| **Must be Postmarked**<br>**No Later Than**<br>**_____, 2013** | **EXHIBIT A-2** |

**In re Ener1, Inc. Securities Litigation**
**c/o _____**
**Claims Administrator**

_____

### PROOF OF CLAIM AND RELEASE

*THIS PROOF OF CLAIM MUST BE MAILED TO THE ADDRESS ABOVE*
*AND POSTMARKED NO LATER THAN _____, 2013.*

TABLE OF CONTENTS                                                      PAGE #

PART I — CLAIMANT INFORMATION

PART II — GENERAL INSTRUCTIONS

PART III — SCHEDULE OF TRANSACTIONS IN ENER1 COMMON STOCK

PART IV — RELEASE OF CLAIMS AND SIGNATURE

# PART 1 – CLAIMANT INFORMATION

LAST NAME (CLAIMANT)

FIRST NAME (CLAIMANT)

Last Name (Beneficial Owner if Different From Claimant)

First Name (Beneficial Owner)

Last Name (Co-Beneficial Owner)

First Name (Co-Beneficial Owner)

Company/Other Entity (If Claimant Is Not an Individual)

Contact Name (if Claimant is Not an Individual)

Trustee/Nominee/Other

Account Number (If Claimant Is Not an Individual)

Trust/Other Date (If Applicable)

Address Line 1

Address Line 2 (If Applicable)

City

State

Zip Code

Foreign Province

Foreign Country

Foreign Zip Code

Telephone Number (Day)

(          )

Telephone Number (Night)

(          )

Beneficial Owner's Employer Identification Number or Social Security Number[3]

Email Address (Email address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim.)

---

[3] The taxpayer identification number (TIN), consisting of a valid Social Security number (SSN) for individuals or employer identification number (EIN) for business entities, trusts, estates, etc., and telephone number of the beneficial owner(s) may be used in verifying this claim.

IDENTITY OF CLAIMANT (check only one box)

○ Individual   ○ Joint Owners   ○ Estate   ○ Corporation   ○ Trust   ○ Partnership   ○ Private
○ Pension   ○ Fund IRA, Keogh, or other type of individual retirement plan (indicate type of
plan, mailing address, and name of current custodian) _   ○ Legal Representative   ○ Other
(specify, describe on separate sheet)

## PART II — GENERAL INSTRUCTIONS

A.  It is important that you completely read and understand the Notice of (I) Pendency of Class
    Action and Proposed Settlement, (II) Settlement Hearing, and (III) Motion for Incentive
    Award, Attorneys' Fees and Reimbursement of Litigation Expenses ("Notice") that
    accompanies this Proof of Claim and Release form ("Claim Form"), including the Plan of
    Allocation of the Net Settlement Fund set forth in the Notice.  The Notice describes the
    proposed Settlement, how Class Members are affected by the Settlement, and the manner in
    which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation
    are approved by the Court.  The Notice also contains the definitions of many of the defined
    terms (which are indicated by initial capital letters) used in this Claim Form.  By signing and
    submitting this Claim Form, you will be certifying that you have read and that you
    understand the Notice, including the terms of the releases described therein and provided for
    herein.

B.  TO BE ELIGIBLE TO RECEIVE A DISTRIBUTION IN THE SETTLEMENT, YOU
    MUST MAIL YOUR COMPLETED AND SIGNED CLAIM FORM TO THE CLAIMS
    ADMINISTRATOR BY FIRST-CLASS MAIL, POSTAGE PREPAID, **POSTMARKED
    BY _____, 2013**, ADDRESSED AS FOLLOWS:

<div align="center">

*In re Ener1, Inc. Securities Litigation*
c/o _____
Claims Administrator
_____

</div>

    If you fail to file a timely, properly addressed, and completed Claim Form, your claim may
    be rejected and you may be precluded from receiving any proceeds from the Settlement.

C.  This Proof of Claim is directed to all persons and/or entities who, from November 4, 2010
    through August 15, 2011, inclusive (the "Class Period"), purchased or otherwise acquired
    common stock of Ener1, Inc. ("Ener1") and were damaged thereby (the "Class").

D.  "Class Members" means any persons and entities who purchased or otherwise acquired
    Ener1 common stock during the Class Period and who were damaged thereby and who are
    not excluded by definition from the Class and do not timely submit a proper request for
    exclusion in accordance with the requirements set forth in the Notice.  Persons and entities
    excluded from the Class are: (i) Defendants; (ii) members of the Immediate Family of each
    Defendant; (iii) Ener1; (iv) any firm, trust, corporation or other entity in which any
    Defendant has or had a controlling interest; and (v) those persons or entities who exclude
    themselves by filing a request for exclusion in accordance with the requirements set forth in

the Notice.

E. IF YOU ARE NOT A CLASS MEMBER, OR IF YOU FILED A REQUEST FOR EXCLUSION FROM THE CLASS, DO NOT SUBMIT A CLAIM FORM.  YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT IF YOU ARE NOT A CLASS MEMBER OR IF YOU SUBMIT A VALID AND TIMELY REQUEST FOR EXCLUSION.

F. Class Members will be bound by the terms of any judgment or orders entered in the Action WHETHER OR NOT A CLAIM FORM IS SUBMITTED, unless a valid request for exclusion from the Class is received by _____, **2013.**  As described in the Notice, the Judgment will release and enjoin the filing or continued prosecution of the Released Claims against the Released Parties.

G. **Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement.**  Distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice, if it is approved by the Court, or by such other plan of allocation as the Court approves.

H. Use Section III of this Claim Form entitled "SCHEDULE OF TRANSACTIONS IN ENER1 COMMON STOCK" to supply all required details of your transaction(s) in Ener1 common stock**.**  On these schedules, provide all of the requested information with respect to (i) your position in Ener1 common stock as of the close of trading on November 3, 2010, the day before the Class Period begins; (ii) all transactions in Ener1 common stock, including all purchases or other acquisitions (including free receipts) and all sales (including free deliveries), made from November 4, 2010 through and including November 13, 2011; and (iii) your closing positions in Ener1 common stock as of the close of trading on August 15, 2011, respectively**.  Failure to report all transactions during the requested periods may result in the rejection of your claim.**

I. You are required to submit genuine and sufficient documentation for all your transactions in and holdings of Ener1 common stock as set forth in the Schedule of Transactions in Part III. Documentation may consist of copies of brokerage confirmations or monthly statements.  IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OR EQUIVALENT CONTEMPORANEOUS DOCUMENTS FROM YOUR BROKER**.** FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN REJECTION OF YOUR CLAIM**.**  DO NOT SEND ORIGINAL DOCUMENTS**.  Please keep a copy of all documents that you send to the Claims Administrator.**

J. Separate Claim Forms should be submitted for each separate legal entity (e.g., a claim from joint owners should not include separate transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name).  Conversely, a single Claim Form should be submitted on behalf of one legal entity including all transactions made by that entity on one Claim Form, no matter how many separate accounts that entity has (e.g., a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Claim Form).

K. All joint beneficial owners must each sign this Claim Form.  If you purchased or acquired Ener1 common stock during the Class Period and held the securities in your name, you are the beneficial owner as well as the record owner.  If, however, you purchased or acquired Ener1 common stock during the Class Period and the securities were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these securities, but the third party is the record owner.

L. Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

     (a)   expressly state the capacity in which they are acting;

     (b)   identify the name, account number, Social Security Number (or taxpayer identification number), address and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Ener1 common stock; and

     (c)   furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting.  (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade stock in another person's accounts.)

M. By submitting a signed Claim Form, you will be swearing that you:

     (a)   own(ed) the Ener1 common stock you have listed in the Claim Form; or

     (b)   are expressly authorized to act on behalf of the owner thereof.

N. By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America.  The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

O. NOTICE REGARDING ELECTRONIC FILES:  Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  To obtain the mandatory electronic filing requirements and file layout, you may visit the settlement website at _____or you may email the Claims Administrator's electronic filing department at _____.  Any file not in accordance with the required electronic filing format will be subject to rejection.  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email after processing your file with your claim numbers and respective account information.  Do not assume that your file has been received or processed until you receive this email.  If you do not receive such an email within 10 days of your submission, you should contact the electronic filling department at_____ to inquire about your file and confirm it was received and acceptable.

P. If you have questions concerning the Claim Form, or need additional copies of the Claim

Form or the Notice, you may contact the Claims Administrator, _____ or you may download the documents from _____.

**PART III — SCHEDULE OF TRANSACTIONS IN ENER1 COMMON STOCK**

Failure to provide proof of all beginning holdings, purchases or acquisitions, sales, and ending holdings information requested below will impede proper processing of your claim and may result in rejection of your claim.  Please include proper documentation with your Claim Form as described in detail in Part II — General Instructions, Paragraph I, above.

**COMMON STOCK** (CUSIP No. _____):

| | | |
|---|---|---|
| **1.   Beginning Holdings**— State the number of shares of Ener1common stock you held as of the close of trading on **November 3, 2010**.  If none, write "zero" or "0". | _____ shares | Proof of holding enclosed ○Y   ○N |
| **2.   Purchases/Acquisitions** — Separately list each and every purchase and/or acquisition, including free receipts, of Ener1 common stock during the period **November 4, 2010** through and including the close of trading on **August 15, 2011.** | **IF NONE, CHECK HERE** ○ | |

| Date(s) of purchase or acquisition (List chronologically) MM      DD      YYYY | Number of shares purchased/acquired | Purchase price per shares (excluding taxes, commissions and fees) | Proof of purchase enclosed |
|---|---|---|---|
|        /        / |  | $ | ○Y   ○N |
|        /        / |  | $ | ○Y   ○N |
|        /        / |  | $ | ○Y   ○N |
|        /        / |  | $ | ○Y   ○N |

| | | |
|---|---|---|
| **3.   Sales** – Separately list each and every sale, including free deliveries, of Ener1common stock during the period **November 4, 2010** through and including the close of trading on **November 13, 2011.** | **IF NONE, CHECK HERE** ○ | |

| Date(s) of sales (List chronologically) MM      DD      YYYY | Number of shares sold | Sale price per share (excluding taxes, commissions and fees) | Proof of sale enclosed |
|---|---|---|---|
|        /        / |  | $ | ○Y   ○N |
|        /        / |  | $ | ○Y   ○N |
|        /        / |  | $ | ○Y   ○N |
|        /        / |  | $ | ○Y   ○N |

| | | |
|---|---|---|
| **4.   Ending Holdings —** State the number of shares of Ener1common stock you held as of the close of trading on **August 15, 2011.**  If none, write "zero" or "0". | _____ shares | Proof of holding enclosed ○Y   ○N |

**IF YOU REQUIRE ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT.  PRINT THE BENEFICIAL OWNER'S FULL NAME AND TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE.  IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX ❑**

## PART IV - RELEASE OF CLAIMS AND SIGNATURE

**YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE__ OF THIS CLAIM FORM.**

I (we) hereby acknowledge that as of the Effective Date of the respective Settlement, pursuant to the terms set forth in the relevant Stipulation, I (we) shall have and be deemed to have released, waived, discharged and dismissed each and every Released Claim (as defined in the Stipulation) as against all of the Released Parties (as defined in the Stipulation), and shall forever be enjoined from prosecuting any or all Released Claims against any Released Parties.

## V.    CERTIFICATION

By signing and submitting this Claim Form, the claimant(s) or the person(s) who represents the claimant(s) certifies that:

1.      I (we) have read and understand the contents of the Notice and this Claim Form, including the releases provided for in the Settlement;

2.      the claimant(s) is a (are) Class Member(s), as defined in the Notice, and is (are) not excluded by definition from the Class;

3.      the claimant **has not** submitted a request for exclusion from the Class;

4.      I (we) own(ed) the shares of Ener1 common stock identified in the Claim Form and have not assigned the claim against the Released Parties to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

5.      the claimant has not submitted any other claim covering the same purchases, sales, or holdings of Ener1 common stock and knows of no other person having done so on his/her/its behalf;

6.      the claimant submits to the jurisdiction of the Court with respect to his/her/its claim and for purposes of enforcing the releases set forth herein;

7.      I (we) agree to furnish such additional information with respect to this Claim Form as Lead Counsel, the Claims Administrator or the Court may require;

8.      the claimant waives the right to trial by jury, to the extent it exists, and agrees to the Court's summary disposition of the determination of the validity or amount of the claim made by this Claim Form;

9.      I (we) acknowledge that the claimant will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

10.     the claimant is NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (a) the claimant is exempt from backup withholding or (b) the claimant has not been notified by the IRS that he/she/it is subject to

backup withholding as a result of a failure to report all interest or dividends or (c) the IRS has notified the claimant that he/she/it is no longer subject to backup withholding.  **If the IRS has notified the claimant that he, she or it is subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

_____

Signature of claimant                                                        Date

_____

Print your name here

_____

Signature of joint claimant, if any                                          Date

_____

Print your name here
*If the claimant is other than an individual, or is not the person completing this form, the following also must be provided:*

_____

Signature of person signing on behalf of claimant                            Date

_____

Print your name here

_____

Capacity of person signing on behalf of claimant, if other than an individual, e.g., executor, president, custodian, etc.

THIS PROOF OF CLAIM MUST BE POSTMARKED NO LATER THAN _____, 2013, AND MUST BE MAILED TO:

<div align="center">

In re Ener1, Inc. Securities Litigation
c/o _____
Claims Administrator
_____

</div>

A Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if mailed by _____, 2013 and if a postmark is indicated on the envelope and it is mailed First Class, and addressed in accordance with the above instructions. In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms.  Please be patient and notify the Claims Administrator of any change of address.

<div align="center">

**REMINDER CHECKLIST:**

</div>

1.      Please sign the above release and certification.  If this Claim Form is being made on behalf of joint claimants, then both must sign.

2.      Remember to attach only copies of acceptable supporting documentation.

3.      Please do not highlight any portion of the Claim Form or any supporting documents.

4.      Do not send original stock certificates or documentation.  These items cannot be returned to you by the Claims Administrator.

5.      Keep copies of the completed Claim Form and documentation for your own records.

6.      The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days.  Your claim is not deemed filed until you receive an acknowledgement postcard.  If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll free at _____.

7.      If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, please send the Claims Administrator written notification of your new address.  If you change your name, please inform the Claims Administrator.

8.      If you have any questions or concerns regarding your claim, please contact the Claims Administrator at the above address or at _____, or visit _____.

# EXHIBIT A-3

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re:                                                      :
                                                            :
ENER1, INC. SECURITIES LITIGATION                           :        No. 1:11-CV-05794 (PAC)
                                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED**
**SETTLEMENT, (II) SETTLEMENT HEARING, AND (III) MOTION**
**FOR INCENTIVE AWARD, ATTORNEYS' FEES AND**
**REIMBURSEMENT OF LITIGATION EXPENSES**

**TO:     All persons and entities who purchased or acquired common stock in Ener1, Inc.**
**during the period from November 4, 2010 through August 15, 2011.**

**PLEASE READ THIS NOTICE CAREFULLY, YOUR RIGHTS WILL BE AFFECTED**
**BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York, (i) that the above-captioned litigation (the "Action") has been certified as a class action on behalf of all persons and entities who purchased common stock in Ener1, Inc. from November 4, 2010 through August 15, 2011, inclusive (the "Class"), except for certain persons and entities who are excluded from the Class by definition as set forth in the Stipulation of Settlement in the Action; and (ii) that Lead Plaintiffs in the Action have reached a proposed settlement with the Defendants for $4.2 million in cash, plus interest thereon if the Settlement is approved by the Court (the "Settlement").

A hearing will be held on _____, 2013 at _:_ _.m before the Honorable Paul A. Crotty, at the United States District Court for the Southern District of New York, at the United States Courthouse, Courtroom 11D, 500 Pearl Street, New York, NY 10007, to determine (i) whether the Court should grant final certification of the Class solely for the purposes of the Settlement; (ii) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (iii) whether the Action should be dismissed with prejudice against the Defendants, and the releases specified and described in the Stipulation of Settlement should be granted; (iv) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (v) whether Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses and an Incentive Award for Lead Plaintiffs should be approved.

**If you are a member of the Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund.** If you have not yet received the full printed Notice of (I) Pendency of Class Action and Proposed Settlement, (II) Settlement Hearing, and (III) Motion for Incentive Award, Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice"), and the Proof of Claim Form, you may obtain copies of these documents by contacting the Claims Administrator**:** *In re Ener1, Inc.*

*Securities Litigation,* c/o _____.  Copies of the Notice and Claim Form can also be downloaded from the website maintained by the Claims Administrator, _____, or from Lead Counsel's website, www.federmanlaw.com.

If you are a Class Member, in order to be eligible to receive a payment under the proposed Settlement, **you must submit a Claim Form postmarked no later than _____, 2013.**  If you are a Class Member and do not submit a proper Claim Form, you will not share in the distribution of the net proceeds of the Settlement but you will nevertheless be bound by any judgment or orders entered by the Court in the Action.

If you are a Class Member and wish to exclude yourself from the Class, you must submit a request for exclusion such that it is *received* no later than _____, **2013**, in accordance with the instructions set forth in the Notice.  If you properly exclude yourself from the Class, you will not be bound by any judgment or orders entered by the Court in the Action and you will not be eligible to share in the proceeds of the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses and an Incentive Award for Lead Plaintiffs, must be filed with the Court and delivered to Lead Counsel and counsel for the Defendants such that they are *received* no later than _____, 2013, in accordance with the instructions set forth in the Notice.

PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.  Inquiries, other than requests for the Notice, may be made to Lead Counsel:

William B. Federman, Esq.
**FEDERMAN & SHERWOOD**
10205 N. Pennsylvania Avenue
Oklahoma City, Oklahoma 73120
Tel: (405) 235-1560
Facsimile: (405) 239-2112

Dated:                                              By Order of the Court

# EXHIBIT B

UNITED STATES DISTRICT COURT                               **EXHIBIT B**
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
In re:                                          :
                                                :
ENER1, INC. SECURITIES LITIGATION               :     No. 1:11-CV-05794 (PAC)
                                                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## <u>JUDGMENT APPROVING CLASS ACTION SETTLEMENT</u>

WHEREAS, (i) Lead Plaintiffs Junie L. Morris and Lisa G. Morris ("Lead Plaintiffs"), on behalf of themselves and the Class; and (ii) Defendants Charles Gassenheimer, Jeffrey Seidel, Robert R. Kamischke, Kenneth Baker, Elliot Fuhr, Nora Brownell and Thomas Snyder (collectively, "Defendants") have entered into the Stipulation and Agreement of Settlement dated January 11, 2013 (the "Stipulation") that provides for a complete dismissal with prejudice of the claims asserted in the above-referenced litigation (the "Action") against the Defendants and the release of the Released Claims as against the Defendants and other Released Parties on the terms and conditions set forth in the Stipulation, subject to approval of this Court and such order becoming Final (the "Settlement");

WHEREAS, unless otherwise defined herein, all other capitalized words contained herein shall have the same meanings as set forth in the Stipulation;

WHEREAS, in the Preliminary Approval Order, this Court (a) certified, for settlement purposes only, the Class; (b) preliminarily approved the Settlement; (c) ordered that notice of the proposed Settlement be provided to potential Class Members; (d) provided Class Members with the opportunity either to exclude themselves from the Class or to object to the proposed Settlement, and (e) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Class;

WHEREAS, the Court conducted a hearing on _____, 2013 (the "Settlement Hearing") to consider, among other things, (i) whether the terms and conditions of the Settlement are fair, reasonable and adequate and should therefore be approved; and (ii) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the proposed Settlement, and the record in the Action;

NOW THEREFORE, IT IS HEREBY ORDERED:

1.      **Jurisdiction:** The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Class Members.

2.      **Certification of Class**:  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby certifies the Action as a class action for settlement purposes only. The Class consists of all Persons who purchased or otherwise acquired the common stock of Ener1, Inc. during the period from November 4, 2010 through August 15, 2011, inclusive, and who were damaged thereby, excluding (i) Defendants; (ii) members of the Immediate Family of each Defendant; (iii) Ener1; (iv) any firm, trust, corporation or other entity in which any Defendant has or had a controlling interest; and (v) those persons or entities who exclude themselves by filing a request for exclusion in accordance with the requirements set forth in the Notice (a list of whom is attached hereto as Exhibit 1).

3.      With respect to the Class, this Court finds, solely for the purposes of settlement, that:

        a.   the members of the Class are so numerous that joinder of all Class Members in the Action is impracticable;

2

b.  there are questions of law and fact common to the Class;

c.  the claims by Lead Plaintiffs are typical of the claims of the Class;

d.  Lead Plaintiffs and Lead Counsel have and will fairly and adequately represent and protect the interests of the Class Members;

e.  the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members; and

f.  a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Class Members in individually controlling the prosecution of separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Class Members; and (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum.

4.      **Incorporation of Settlement Documents:** This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on _____, 2013; and (b) the Notice and the Summary Notice, both of which were filed with the Court on _____, 2013.

5.      **Notice:** The Court finds that the distribution of the Notice and the publication of the Summary Notice: (i) were implemented in accordance with the Preliminary Approval Order; (ii) constituted the best notice reasonably practicable under the circumstances; (iii) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, of the effect of the Settlement (including the releases provided for therein), of Lead Counsel's motion for an Incentive Award to Lead Plaintiffs and an award of attorneys' fees and reimbursement of Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation and/or Lead Counsel's motion for an Incentive Award to Lead Plaintiffs and for attorneys' fees and reimbursement of Litigation Expenses, of their right to

3

exclude themselves from the Class, and of their right to appear at the Settlement Hearing; (iv) constituted due, adequate, and sufficient notice to all persons or entities entitled to receive notice of the proposed Settlement; and (v) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 77z-1(a)(7) and § 78u-4(a)(7)) (the "PSLRA"), and all other applicable law and rules.

6. **Final Settlement Approval and Dismissal of Claims:** Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation, the amount of the Settlement, the releases provided for therein, including the release of the Released Claims as against the Released Parties, and the dismissal with prejudice of claims against the Defendants), and finds that the Settlement is, in all respects, fair, reasonable and adequate, and is in the best interests of Lead Plaintiffs and the Class. The Parties are directed to implement, perform and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

7. The Action and all of the claims against the Defendants by Class Members and Lead Plaintiffs are hereby dismissed on the merits and with prejudice as against the Defendants. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

8. **Fee and Expense Award:** Lead Counsel are hereby awarded $_____ in attorneys' fees, plus interest, which the Court finds to be fair and reasonable and $_____ in reimbursement of costs and other expenses. The Fee and Expense Award shall be paid to Lead Counsel pursuant to the terms of the Stipulation.

9.     **Incentive Award:** Lead Plaintiffs are hereby awarded the sum of $_____ as an Incentive Award for their involvement and oversight of the Action on behalf of the Class. The Incentive Award shall be paid to Lead Plaintiffs pursuant to the terms of the Stipulation.

10.     **Binding Effect:** The terms of the Stipulation and of this Judgment shall be forever binding on the Defendants, Lead Plaintiffs and all other Class Members (regardless of whether or not any individual Class Member submits a Proof of Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective heirs, executors, administrators, predecessors, successors and assigns.

11.     [No persons or entities have submitted valid requests for exclusion.] OR [The persons listed on Exhibit 1 annexed hereto have submitted valid requests for exclusion from the Class, by virtue of such requests are deemed not to be members of the Class, and have no rights to participate in the Settlement or to receive any distributions from the Settlement Fund.  Except for those persons listed on Exhibit 1, no other persons have submitted valid requests for exclusion from the Class in compliance with this Court's orders and the Notice.  The persons listed on Exhibit 1 are the only persons within the Class who have requested exclusion in compliance with this Court's prior orders and the Notice, and, as a consequence, these persons are not bound by the terms of the Stipulation and this Judgment.]

12.     **Releases:** The releases as set forth in Paragraphs 2-4 of the Stipulation (the "Releases"), together with the definitions contained in Paragraphs l, ee, gg, hh, ii, and oo of the Stipulation relating thereto, are expressly incorporated herein in all respects. The Releases in favor of the Released Parties are effective as of the Effective Date.  Accordingly, this Court orders that, as of the Effective Date:

a.  Lead Plaintiffs and all of the other Class Members, on behalf of themselves, their respective heirs, executors, administrators, predecessors, successors,

assigns and agents, shall be deemed by operation of law to have irrevocably, absolutely and unconditionally, fully, finally and forever released, waived, discharged and dismissed, with prejudice, each and every Released Claim against every Released Party and shall forever be enjoined from prosecuting any or all Released Claims against any Released Party; and

b.   Each of the Defendants, and each of the other Released Parties, on behalf of themselves, their respective heirs, executors, administrators, predecessors, successors, assigns and agents, shall be deemed by operation of law to have irrevocably, absolutely and unconditionally, fully, finally, and forever released, waived, discharged and dismissed, with prejudice, each and every of the Released Claims by Defendants as to Plaintiffs against Lead Plaintiffs and Lead Counsel, and shall forever be enjoined from prosecuting any or all of the Released Claims by Defendants as to Plaintiffs against Lead Plaintiffs and Lead Counsel.

13.    **Bar Order:** Upon the Effective Date, any and all claims for contribution, however denominated, arising out of or related in any way to the Action (a) by any person or entity against any Defendant or (b) by any Defendant against any person or entity, other than a person or entity whose liability to the Class has been extinguished pursuant to the Settlement, are permanently barred, enjoined and finally discharged to the fullest extent provided 15 U.S.C. § 78u-4(f)(7) and any other applicable law or regulation (the "Bar Order").

14.    **Judgment Reduction:** Any final verdict or judgment that may be obtained by or on behalf of the Class or a Class Member against any person or entity subject to the Bar Order shall be reduced by the greater of: (a) an amount that corresponds to the percentage of responsibility of the Defendants for common damages; or (b) the amount paid by or on behalf of the Defendants to the Class or Class Member for common damages.

15.    **Rule 11 Findings:** The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the commencement, maintenance, prosecution, defense and settlement of the Action. The Court further finds that Lead Plaintiffs and Lead Counsel adequately represented the Class Members for purposes of entering into and implementing the Settlement.

16.    **No Admissions:** This Judgment, the Stipulation, any of their terms and provisions, any of the negotiations, proceedings or agreements connected therewith, any matters arising in connection with settlement negotiations, proceedings, or agreements; (a) shall not be offered or received against any of the Released Parties as evidence of, or construed as, or deemed to be evidence of, any presumption, concession, or admission by any of the Released Parties with respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that was or could have been asserted against any of the Released Parties in this Action, any other litigation, or otherwise, or the deficiency of any defense that has been or could have been asserted in the Action, any other litigation, or otherwise, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Parties; (b) shall not be offered or received against any of the Released Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any of the Released Parties; (c) shall not be offered or received against the Lead Plaintiffs or any other Class Members as evidence of any infirmity in the claims of Lead Plaintiffs or the other Class Members; (d) shall not be offered or received against any of the Released Parties, the Lead Plaintiffs or any other Class Members, as evidence of a presumption, concession or admission of wrongdoing with respect to any liability, negligence, or fault of any kind, or in any way referred to for any other reason as against any of the Released Parties, the

Lead Plaintiffs or any other Class Members in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that, the Defendants, any other Released Party, Lead Plaintiffs and the other Class Members may refer to the Stipulation to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement; (e) shall not be construed against any of the Released Parties, Lead Plaintiffs or any other Class Members as an admission, concession, or presumption that the consideration to be given thereunder represents the amount which could be or would have been recovered after trial; and (f) shall not be construed against Lead Plaintiffs or any other Class Members as an admission, concession, or presumption that any of their claims are without merit or that damages recoverable under the Amended Complaint would not have exceeded the Settlement Amount.

17.     **Retention of Jurisdiction:** Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over the Parties and the Class Members for all proceedings related to the implementation and enforcement of the terms of the Stipulation and Settlement.

18.     Separate orders that might be entered regarding approval of a plan of allocation and the motion of Lead Counsel for an Incentive Award to Lead Plaintiffs and for an award of attorneys' fees and reimbursement of Litigation Expenses.  Any such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

19.     **Modification of Settlement Agreement:** Without further approval from the Court, Lead Plaintiffs and the Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate this Settlement that: (i) are not materially inconsistent with this Judgment; and (ii) do not materially

8

limit the rights of Class Members in connection with the Settlement. Without further order of the Court, Lead Plaintiffs and the Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

20.     **Entry of Final Judgment:** There is no just reason to delay the entry of this Judgment as a final judgment as against the Defendants.  Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment as against the Settling Defendants pursuant to Federal Rule of Civil Procedure 54(b).

21.     **Termination:** If the Effective Date does not occur or the Settlement is terminated as provided in the Stipulation, then this Judgment (and any orders of the Court relating to the Settlement) shall be vacated, rendered null and void and be of no further force or effect, except as otherwise provided by the Stipulation.

SO ORDERED this _____ day of _____, 2013.

_____
The Honorable Paul A. Crotty
United States District Judge