UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5-10-13

------------------------------------x
In re:

ENER1, INC. SECURITIES LITIGATION         No. 1:11-CV-05794 (PAC)

------------------------------------x

## JUDGMENT APPROVING CLASS ACTION SETTLEMENT

WHEREAS, (i) Lead Plaintiffs Junie L. Morris and Lisa G. Morris ("Lead Plaintiffs"), on behalf of themselves and the Class; and (ii) Defendants Charles Gassenheimer, Jeffrey Seidel, Robert R. Kamischke, Kenneth Baker, Elliot Fuhr, Nora Brownell and Thomas Snyder (collectively, "Defendants") have entered into the Stipulation and Agreement of Settlement dated January 11, 2013 (the "Stipulation") that provides for a complete dismissal with prejudice of the claims asserted in the above-referenced litigation (the "Action") against the Defendants and the release of the Released Claims as against the Defendants and other Released Parties on the terms and conditions set forth in the Stipulation, subject to approval of this Court and such order becoming Final (the "Settlement");

WHEREAS, unless otherwise defined herein, all other capitalized words contained herein shall have the same meanings as set forth in the Stipulation;

WHEREAS, in the Preliminary Approval Order, this Court (a) certified, for settlement purposes only, the Class; (b) preliminarily approved the Settlement; (c) ordered that notice of the proposed Settlement be provided to potential Class Members; (d) provided Class Members with the opportunity either to exclude themselves from the Class or to object to the proposed Settlement, and (e) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Class;

WHEREAS, the Court conducted a hearing on May 9, 2013 (the "Settlement Hearing") to consider, among other things, (i) whether the terms and conditions of the Settlement are fair, reasonable and adequate and should therefore be approved; and (ii) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the proposed Settlement, and the record in the Action;

NOW THEREFORE, IT IS HEREBY ORDERED:

1. **Jurisdiction:** The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Class Members.

2. **Certification of Class**: Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby certifies the Action as a class action for settlement purposes only. The Class consists of all Persons who purchased or otherwise acquired the common stock of Ener1, Inc. during the period from November 4, 2010 through August 15, 2011, inclusive, and who were damaged thereby, excluding (i) Defendants; (ii) members of the Immediate Family of each Defendant; (iii) Ener1; (iv) any firm, trust, corporation or other entity in which any Defendant has or had a controlling interest; and (v) those persons or entities who exclude themselves by filing a request for exclusion in accordance with the requirements set forth in the Notice (a list of whom is attached hereto as Exhibit 1).

3. With respect to the Class, this Court finds, solely for the purposes of settlement, that:

    a. the members of the Class are so numerous that joinder of all Class Members in the Action is impracticable;

      b. there are questions of law and fact common to the Class;

      c. the claims by Lead Plaintiffs are typical of the claims of the Class;

      d. Lead Plaintiffs and Lead Counsel have and will fairly and adequately represent and protect the interests of the Class Members;

      e. the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members; and

      f. a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Class Members in individually controlling the prosecution of separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Class Members; and (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum.

4.     **Incorporation of Settlement Documents:** This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on January 14, 2013; and (b) the Notice and the Summary Notice, both of which were filed with the Court on January 14, 2013.

5.     **Notice:** The Court finds that the distribution of the Notice and the publication of the Summary Notice: (i) were implemented in accordance with the Preliminary Approval Order; (ii) constituted the best notice reasonably practicable under the circumstances; (iii) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, of the effect of the Settlement (including the releases provided for therein), of Lead Counsel's motion for a reimbursement award to Lead Plaintiffs and an award of attorneys' fees and reimbursement of Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation and/or Lead Counsel's motion for a reimbursement award to Lead Plaintiffs and for attorneys' fees and reimbursement of Litigation Expenses, of their right to

exclude themselves from the Class, and of their right to appear at the Settlement Hearing; (iv) constituted due, adequate, and sufficient notice to all persons or entities entitled to receive notice of the proposed Settlement; and (v) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 77z-1(a)(7) and § 78u-4(a)(7)) (the "PSLRA"), and all other applicable law and rules.

6. **Final Settlement Approval and Dismissal of Claims:** Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation, the amount of the Settlement, the releases provided for therein, including the release of the Released Claims as against the Released Parties, and the dismissal with prejudice of claims against the Defendants), and finds that the Settlement is, in all respects, fair, reasonable and adequate, and is in the best interests of Lead Plaintiffs and the Class. The Parties are directed to implement, perform and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

7. The Action and all of the claims against the Defendants by Class Members and Lead Plaintiffs are hereby dismissed on the merits and with prejudice as against the Defendants. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

8. **Fee and Expense Award:** Lead Counsel are hereby awarded $ 1,050,000 in *P/K* attorneys' fees, plus interest, which the Court finds to be fair and reasonable and $ 74,477.72 *P/K* in reimbursement of costs and other expenses. The Fee and Expense Award shall be paid to Lead Counsel pursuant to the terms of the Stipulation.

4

9. **Reimbursement Award:** Lead Plaintiffs are hereby awarded the sum of $ 1,500 (total) as a Reimbursement Award for their involvement and oversight of the Action on behalf of the Class. The Reimbursement Award shall be paid to Lead Plaintiffs pursuant to the terms of the Stipulation.

10. **Binding Effect:** The terms of the Stipulation and of this Judgment shall be forever binding on the Defendants, Lead Plaintiffs and all other Class Members (regardless of whether or not any individual Class Member submits a Proof of Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective heirs, executors, administrators, predecessors, successors and assigns.

11. The persons listed on Exhibit 1 annexed hereto have submitted valid requests for exclusion from the Class, by virtue of such requests are deemed not to be members of the Class, and have no rights to participate in the Settlement or to receive any distributions from the Settlement Fund. Except for those persons listed on Exhibit 1, no other persons have submitted valid requests for exclusion from the Class in compliance with this Court's orders and the Notice. The persons listed on Exhibit 1 are the only persons within the Class who have requested exclusion in compliance with this Court's prior orders and the Notice, and, as a consequence, these persons are not bound by the terms of the Stipulation and this Judgment.

12. **Releases:** The releases as set forth in Paragraphs 2-4 of the Stipulation (the "Releases"), together with the definitions contained in Paragraphs 1, ee, gg, hh, ii, and oo of the Stipulation relating thereto, are expressly incorporated herein in all respects. The Releases in favor of the Released Parties are effective as of the Effective Date. Accordingly, this Court orders that, as of the Effective Date:

a. Lead Plaintiffs and all of the other Class Members, on behalf of themselves, their respective heirs, executors, administrators, predecessors, successors,

5

assigns and agents, shall be deemed by operation of law to have irrevocably, absolutely and unconditionally, fully, finally and forever released, waived, discharged and dismissed, with prejudice, each and every Released Claim against every Released Party and shall forever be enjoined from prosecuting any or all Released Claims against any Released Party; and

  b. Each of the Defendants, and each of the other Released Parties, on behalf of themselves, their respective heirs, executors, administrators, predecessors, successors, assigns and agents, shall be deemed by operation of law to have irrevocably, absolutely and unconditionally, fully, finally, and forever released, waived, discharged and dismissed, with prejudice, each and every of the Released Claims by Defendants as to Plaintiffs against Lead Plaintiffs and Lead Counsel, and shall forever be enjoined from prosecuting any or all of the Released Claims by Defendants as to Plaintiffs against Lead Plaintiffs and Lead Counsel.

13. **Bar Order:** Upon the Effective Date, any and all claims for contribution, however denominated, arising out of or related in any way to the Action (a) by any person or entity against any Defendant or (b) by any Defendant against any person or entity, other than a person or entity whose liability to the Class has been extinguished pursuant to the Settlement, are permanently barred, enjoined and finally discharged to the fullest extent provided 15 U.S.C. § 78u-4(f)(7) and any other applicable law or regulation (the "Bar Order").

14. **Judgment Reduction:** Any final verdict or judgment that may be obtained by or on behalf of the Class or a Class Member against any person or entity subject to the Bar Order shall be reduced by the greater of: (a) an amount that corresponds to the percentage of responsibility of the Defendants for common damages; or (b) the amount paid by or on behalf of the Defendants to the Class or Class Member for common damages.

15. **Rule 11 Findings:** The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the commencement, maintenance, prosecution, defense and settlement of the Action. The Court further finds that Lead Plaintiffs and Lead Counsel adequately represented the Class Members for purposes of entering into and implementing the Settlement.

16. **No Admissions:** This Judgment, the Stipulation, any of their terms and provisions, any of the negotiations, proceedings or agreements connected therewith, any matters arising in connection with settlement negotiations, proceedings, or agreements; (a) shall not be offered or received against any of the Released Parties as evidence of, or construed as, or deemed to be evidence of, any presumption, concession, or admission by any of the Released Parties with respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that was or could have been asserted against any of the Released Parties in this Action, any other litigation, or otherwise, or the deficiency of any defense that has been or could have been asserted in the Action, any other litigation, or otherwise, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Parties; (b) shall not be offered or received against any of the Released Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any of the Released Parties; (c) shall not be offered or received against the Lead Plaintiffs or any other Class Members as evidence of any infirmity in the claims of Lead Plaintiffs or the other Class Members; (d) shall not be offered or received against any of the Released Parties, the Lead Plaintiffs or any other Class Members, as evidence of a presumption, concession or admission of wrongdoing with respect to any liability, negligence, or fault of any kind, or in any way referred to for any other reason as against any of the Released Parties, the

7

Lead Plaintiffs or any other Class Members in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that, the Defendants, any other Released Party, Lead Plaintiffs and the other Class Members may refer to the Stipulation to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement; (e) shall not be construed against any of the Released Parties, Lead Plaintiffs or any other Class Members as an admission, concession, or presumption that the consideration to be given thereunder represents the amount which could be or would have been recovered after trial; and (f) shall not be construed against Lead Plaintiffs or any other Class Members as an admission, concession, or presumption that any of their claims are without merit or that damages recoverable under the Amended Complaint would not have exceeded the Settlement Amount.

17. **Retention of Jurisdiction:** Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over the Parties and the Class Members for all proceedings related to the implementation and enforcement of the terms of the Stipulation and Settlement.

18. Separate orders that might be entered regarding approval of a plan of allocation and the motion of Lead Counsel for a Reimbursement Award to Lead Plaintiffs and for an award of attorneys' fees and reimbursement of Litigation Expenses. Any such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

19. **Modification of Settlement Agreement:** Without further approval from the Court, Lead Plaintiffs and the Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate this Settlement that: (i) are not materially inconsistent with this Judgment; and (ii) do not materially

limit the rights of Class Members in connection with the Settlement. Without further order of the Court, Lead Plaintiffs and the Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

20.  **Entry of Final Judgment:** There is no just reason to delay the entry of this Judgment as a final judgment as against the Defendants. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment as against the Settling Defendants pursuant to Federal Rule of Civil Procedure 54(b).

21.  **Termination:** If the Effective Date does not occur or the Settlement is terminated as provided in the Stipulation, then this Judgment (and any orders of the Court relating to the Settlement) shall be vacated, rendered null and void and be of no further force or effect, except as otherwise provided by the Stipulation.

SO ORDERED this 9th day of May, 2013.

_____
The Honorable Paul A. Crotty
United States District Judge

# Exhibit 1

Ep. 1

Ener1 Inc
Securities Litigation
c/o Heffler Claims Administration
P.O.Box 58908
Philadelphia, PA 19102
USA
Tel.001 888-963-2892

Rainer Knoll

Phone:

Class action against Ener1
ISIN US29267A2033

18.03.2013

Ladies and Gentleman,

Ich möchte mich nicht an der Sammelklage gegen Ener1 beteiligen.
I do not want to participate in the class action against Ener1.

Please inform me when they received they letter.

Sincerely,



202

Request exclusion from the Class in In re Ener 1, Inc. Securities Litigation, No.1:11-CV-05794 (PAC)

Yan Zhang

███████████████████████████

████████

I bought 486 shares HEV at $1.21 on 06/01/2011 and sold 486 shares HEV at $1.43 on 06/15/2011.

And I bought 528 shares HEV at 1.3897 on 06/21/2011 and sold 528 shares HEV at $1.1701 on 06/23/2011.

*Yan Zhy*

YAN ZHANG

04/01/2013



CINCINNATI OH 452
02 APR 2013 PM 7 T

In re Enerl, Inc. Securities Litigation,
Exclusions, Enerl Securities Litigation,
C/o Heffler Claim Administration,
P.O. Box 58908
Philadelphia, PA 19102

Yan Zhang

Susan L. Verlenden
REDACTED

April 8, 2013

*In re Ener1, Inc. Securities Litigation*
EXCLUSIONS
Ener1 Securities Litigation, c/o Heffler Claims Administration
P.O. Box 58908
Philadelphia, PA 19102

Subject: *In re Ener1, Inc. Securities Litigation*
No. 1:11-CV-05794 (PAC)

To Whom It May Concern:

As the executor of Mr. John E. Verlenden's estate, please accept this letter of exclusion on his behalf in response to your recent request. Mr. Verlenden passed away on September 20, 2012.

- Name, address, and telephone number of the person or entity requesting exclusion. (This was John E. Verlenden's home address prior to his death. The house has been sold to another party, and the telephone number has been disconnected.)

  John E. Verlenden

  REDACTED

- State that such person or entity "requests exclusion from the Class in *In re Ener1, Inc. Securities Litigation*, No. 1:11-CV-05794 (PAC)":

  State of Illinois

- State the number of shares of Ener1 common stock that the person or entity requesting exclusion purchased and/or sold during the Class Period, as well as the dates and prices of each such purchase and sale.

  I cannot find anything in John Verlenden's paperwork regarding Ener1, Inc. common stock, so I am unable to provide this information.

Sincerely,

*Susan L. Verlenden*

Susan L. Verlenden

/slv

Susan L. Verlenden
REDACTED

CAROL STREAM IL 601

06 APR 2013 PM 3 L



In re Ener1, Inc. Securities Litigation
EXCLUSIONS
Ener1 Securities Litigation
c/o Heffler Claims Administration
P.O. Box 58908
Philadelphia, PA 19102

04/11/13
15:41

1910289080S

#4

In re Ener1, Inc.
Securities Litigation, EXCLUSIONS
Ener1 Securities Litigation
c/o Heffler Claims Administration
P.O. Box 58908
Philadelphia, PA 19102

Sirs:

I, MARTHA C. MEEKER, of   REDACTED

hereby requests EXCLUSION from the Class:

In re Ener1, Inc. Securities Litigation, No. 1:11-CV-05794 (PAC)

The following information is forwarded, as requested:

Shares of Ener1, Inc. NEW purchased (bought) under Market Symbol (HEV)

| Date | Qty | Price ea | Principal | Total Cost Plus Charges |
|---|---|---|---|---|
| 01/10/11 | 820 | 3.419 | 2,803.58 | 2,812.53 |
| 01/18/11 | 180 | 4.989 | 898.02 | 906.97 |

Total cost   1000 shares   $3719.50

Shares of Ener1, Inc. NEW (sold) under Market Symbol (HEV)

| 02/07/11 | 1,000 | 3.79144 | 3,791.44 | 3,782.42 Rec'd Less Charges |
|---|---|---|---|---|

Total Gain   1000   $62.92

Regards,

*[signature: Martha Meeker]*

April 8, 2013



Ms. Martha C. Meeker
REDACTED



7011 2970 0001 7174 9929



U.S. POSTAGE
PAID
INDIANAPOLIS, IN
46220
APR 09, '13
AMOUNT
$3.56
00076582-09

In re Ener1 Inc. Securities Litigation  **EXCLUSIONS**
Ener1 Securities Litigation

c/o Heffler Claims Administration
P.O. Box 58908
Philadelphia, PA
19102

04/15/13
13:06